*[231]
 
 JOSEPH, J.
 

 Defendant was charged by information on three counts of criminal activity in drugs under ORS 167.207. He moved to suppress evidence seized from his car. The trial court granted the motion, and the state appeals.
 

 The facts are undisputed. At about 11 p.m. on February 17 a police officer observed the defendant in an automobile parked in the parking lot of the First National Bank in Baker. Approximately 30 minutes later the officer noted that the vehicle was still parked there. There was a pickup parked beside it. The officer then parked his own vehicle a block away and observed the defendant’s activity through field glasses. The pickup left and the officer continued his observations for another half hour. He saw two more vehicles come into the lot and stop near the defendant’s car. He saw the driver of one of the cars take something to his own car which he had apparently received from the defendant’s car. He also noted that the defendant occasionally ducked down in the seat of his car as if reaching for something.
 

 The officer then drove into the lot and parked behind the defendant’s vehicle. He got out of his car and walked toward the defendant. As he came up the defendant rolled his car window down partially. The officer greeted him and asked for identification. As the defendant reached for his wallet, the officer looked between the defendant’s legs onto the floorboard with the aid of his flashlight and observed a large white plastic bag which was partly open, revealing green vegetable material which he recognized as probably being marijuana. Seizure of the substance, its identification as marijuana and the arrest of the defendant followed.
 

 The trial court felt that it was compelled by
 
 State v. Valdez,
 
 277 Or 621, 561 P2d 1006 (1977), to suppress the evidence. However, whether the requirements of
 
 *[232]
 
 ORS 131.605 to 131.625 have been satisfied is a question which need not be reached unless this threshold inquiry is answered affirmatively: Was there a stop within the meaning of ORS 131.605C5)?
 
 [1]
 
 Unless by reason of police activity the defendant’s freedom of movement was perforce effectively restricted, there was no "stop.”
 

 We have previously noted:
 

 "The police have no less right than any other person to approach another and make inquiry regarding circumstances of interest. * * *”
 
 State v. Evans,
 
 16 Or App 189, 194, 517 P2d 1225, Sup Ct
 
 review denied
 
 (1974).
 

 See also State v. Harris,
 
 25 Or App 71, 78, 547 P2d 1394, Sup Ct
 
 review denied
 
 (1976).
 

 So far as this case is concerned, the defendant had a right to be where he was and the officer had a right to be where he was. The officer’s view into the defendant’s car was from "a lawful vantage.”
 
 State v. Evans, supra,
 
 16 Or App at 193.
 
 Cf., State v. Gibbons,
 
 21 Or App 339, 535 P2d 561, Sup Ct
 
 review
 
 denied(1975). He did not gain that vantage by stopping the defendant in either a literal or a legal sense of the term.
 
 See State v. Childers,
 
 13 Or App 622, 511 P2d 447, Sup Ct
 
 review denied
 
 (1973). It was not a restraint of defendant’s liberty for the officer to approach the vehicle or to speak to him. It does not appear that the officer acted in any manner that could fairly be interpreted to have required the defendant to alter his course of conduct. Therefore, what the officer was able to see did not depend upon a "stop.”
 

 Reversed and remanded.
 

 [1]
 

 ORS 131.605(5):
 

 "A 'stop’ is a temporary restraint of a person’s liberty by a peace officer lawfully present in any place.”