Argued December 19, 1978, affirmed January 29, 1979

STATE OF OREGON, *Respondent,*
*v.*
RANDI D. PORTER, *Appellant.*
(No. 1521, CA 11383)
589 P2d 1156

Robert C. Cannon, Salem, argued the cause for appellant. With him on the brief was Schlegel, Milbank, Wheeler, Jarman & Hilgemann, Salem.

Jesse R. Himmelsbach, Jr., District Attorney, Baker, waived appearance for respondent.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

**TANZER, J.**

Defendant's first motion to suppress was granted by the trial court and reversed by this court in *State v. Porter,* 31 Or App 229, 570 P2d 111 (1977) *rev den* (1978). He was then convicted of criminal activity in drugs and he appeals. He assigns as error the trial court's denial of his renewed motion to suppress.

In the first appeal we held that the police officer's contact with defendant and request for identification did not constitute a stop as defined in ORS 131.605(5), thus mooting the question whether the officer had reasonable suspicion of criminal activity. The facts are set out in that opinion and we do not repeat them here.

At trial, defendant renewed his motion to suppress and offered additional evidence that when the officer approached the defendant, who had been sitting in his car in a parking lot for the previous hour, the officer parked his patrol car approximately ten feet behind the defendant's car in such a position that the defendant could not have departed without backing up and turning prior to proceeding on his way. *Res judicata* was not urged. Defendant contends that this infringement on his freedom to depart constitutes a stop and that the stop was without reasonable suspicion.

The additional evidence adds nothing of substance. It is conceivable that the position of an officer's car could be used as a restraint on an individual's liberty if, for example, the individual was prevented from continuing to his destination, or in some other way forced "to alter his course of conduct." *State v. Porter,* 31 Or App at 232. But, here, the defendant had been parked for an hour. He gave no indication of an intention to move. He was free to move his car, although he would have had to maneuver around the police car. The action of the officer in parking his car near the defendant, approaching the defendant, greeting him, and asking him who he was did not restrain

defendant's liberty within the meaning of ORS 131.605(5).

Affirmed.