STATE of Minnesota, Appellant,

v.

Randall George VOHNOUTKA,
Respondent.

No. 51149.

Supreme Court of Minnesota.

May 9, 1980.

Warren Spannaus, Atty. Gen., St. Paul, R. Kathleen Morris, County Atty., Shakopee, for appellant.

O'Neill, Goggins & Traxler and Robert O. O'Neill, New Prague, for respondent.

SHERAN, Chief Justice.

This is a pretrial appeal by the state, pursuant to R. 29.03, R.Crim.P., from an order of the district court suppressing evidence on Fourth Amendment grounds in a felony prosecution of defendant for possession of a large amount of marijuana. We reverse the suppression order and remand for trial.

At 5 a. m. on August 17, 1979, when it was still dark outside, police officers saw the driver of a motor vehicle shut off the lights of the car and drive it into the parking lot of a visibly closed service station. The officers drove behind the car, which was stopped, and defendant got out and approached the officers. While one officer asked defendant if there was anything wrong (defendant said that there wasn't), the other officer routinely walked up to defendant's car and shined his flashlight through the window into the passenger compartment to see if there was anyone in the car. When he did so, the officer observed suspected marijuana in open view. A subsequent search of the car resulted in the discovery of marijuana and hashish; more marijuana was seized from defendant in a search incident to his arrest.

The district court suppressed all the evidence seized from defendant on the ground that the initial flashlight-aided visual check of the passenger compartment was a search which was not based on probable cause.

Professor LaFave's treatise contains an excellent discussion of the cases dealing with the use of a flashlight to permit an officer to see inside a motor vehicle. 1 W. LaFave, *Search and Seizure*, § 2.2(b) (1978). It appears from that discussion that courts have consistently upheld the use of a flashlight by a police officer to look through a window into an automobile provided the officer's position vis-a-vis the vehicle has not been unlawfully acquired (as when the car is unlawfully stopped).

Our cases are consistent with this approach. Thus, for example, in *State v. Landon*, 256 N.W.2d 89 (Minn.1977), we upheld against a Fourth Amendment challenge the practice of police officers routinely shining flashlights through the windows of cars lawfully stopped for speeding.

In the instant case the officer did not stop or otherwise temporarily seize defendant's car. Rather, the defendant had already stopped the car when the officers approached the car. As stated in 3 W. LaFave, *Search and Seizure*, § 9.2(g) (1978), courts generally have held that it does not by itself constitute a seizure for an officer to simply walk up and talk to a person standing in a public place or to a driver sitting in an already stopped car.

Our case is similar to *State v. Porter*, 31 Or.App. 229, 570 P.2d 111 (1977), where the court reversed an order suppressing marijuana found in a flashlight-aided visual check of a parked car by an officer standing in a lawful vantage place. In so doing the court ruled that it was unnecessary to determine if the officer would have been justified in stopping the car, because it was not necessary for the officer to stop the car or temporarily seize it in order to get into a position from which he made his observations.

In our case defendant had already stopped his car and the officers approached him for a legitimate reason. If, as the officers approached, defendant had driven off and the officers had followed him and stopped him, then we would be faced with the issue of whether there was justification for a temporary seizure. However, defendant did not drive off and a temporary seizure was unnecessary. Here, as in *Porter*, there was no temporary seizure of the car and the officer clearly had a right to be where he was when he looked through the window into the passenger compartment.

What the officer saw gave him probable cause to believe that a search of the car would result in the discovery of marijuana. Under the motor-vehicle exception to the warrant requirement, the officer, armed as he was with probable cause, had a right to enter the car, seize the marijuana and search for more. The discovery of the marijuana also justified the arrest of defendant and the incidental custodial search of his person.

Reversed and remanded for trial. Pursuant to R. 29.03, subd. 2(8), R.Crim.P., defendant is awarded attorney fees in the amount of $400.