Argued and submitted June 17, affirmed September 21, 1983

# STATE OF OREGON,
*Respondent,*

*v.*

# DAVID ARTHUR LANCASTER,
*Appellant.*

## (C82-07-36491; CA A26567)

669 P2d 377

Gary D. Babcock, Public Defender, Salem, argued the cause for appellant. With him on the brief was Marilyn C. McManus, Deputy Public Defender, Salem.

Dave Frohnmayer, Attorney General, Salem, argued the cause for respondent. With him on the briefs was William F. Gary, Solicitor General, and Robert E. Barton, Assistant Attorney General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

**YOUNG, J.**

This case concerns a warrantless search of defendant's vehicle and the seizure of marijuana, cocaine and a handgun. The trial court denied defendant's motion to suppress on the basis of ORS 131.615, Article I, § 9 of the Oregon Constitution and the Fourth Amendment to the United States Constitution. We affirm.

On July 26, 1982, at 2:50 a.m., Multnomah County Deputy Sheriffs Biles and Smith observed defendant lying under the rear of his parked car. The trunk and hood were up, and the driver's door was open. A gas can, pliers and a screwdriver were on the ground. The officers testified that they stopped their patrol car for three reasons: to see if they could be of assistance; to determine if defendant was a Rocky Butte jail escapee; and because the apparently disabled vehicle might be a burglary lookout.

The officers approached the car and asked defendant what the difficulty was. He said he had a fuel pump problem. He continued to work on his car. As Biles talked with him, Smith walked around the car, shining his flashlight into its interior. Smith observed a "greenish vegetable matter in a plastic bag" on the floor behind the driver's seat. Smith, a former narcotics officer, believed that the vegetable matter was marijuana. He seized the plastic bag, placed the bag on the roof of the car and then entered the car. On the front seat he found a straw with white granules in it that he suspected were cocaine. On the floormat he found "a bunch of paper bindles," which had been opened and were without obvious residue. He testified:

> "At that time, I observed a plastic bag, inside of which was a Marlboro pack. Looked inside the Marlboro pack, and there were two paper bindles inside. Opened them up. There was a white granular substance, which I suspected was cocaine. I also observed at that time a .25 automatic that was by the gas pedal. I confiscated those and walked over to Mr. Lancaster and I took him into custody, placed him in the back of the patrol car."

Smith testified that the entire interaction from initial encounter to arrest took one to two minutes. Biles testified that he had talked to defendant for "approximately a minute" before he was arrested.

■ The thrust of defendant's argument at the suppression hearing was that the marijuana was discovered as a result of an "overly intrusive stop" under ORS 131.615[1] and the state and federal constitutions. Statutory and constitutional law provide that a stop can be no more intrusive than necessarily required by the objective reason giving rise to the stop. *State v. Carter/Dawson,* 34 Or App 21, 578 P2d 790 (1978), *modified on other grounds* 287 Or 479, 600 P2d 873 (1979). Defendant asserts that the officer's acts of walking around the vehicle and shining the flashlight into the vehicle were overly intrusive, because they were not related to the objective reasons for the stop.

■ The first inquiry is whether the defendant was "stopped" in the statutory or constitutional sense. ORS 131.605(5) defines a stop as a "temporary restraint of a person's liberty by a peace officer lawfully present in any place." The constitutional limitations, like the statutory limitations, are only triggered when there has been a restraint of liberty. *State v. Evans,* 16 Or App 189, 517 P2d 1225 (1974).

Defendant was under his parked car on a public street when the officers arrived. He continued to work on his car while talking with Biles. The entire interaction from encounter to arrest took no more than two minutes. Although defendant may not have been free to leave after the marijuana was seized, there is nothing in the record to indicate that he was restrained in any way prior to the seizure. Therefore, the seizure of the marijuana was not the result of a stop. *State v. Porter,* 31 Or App 229, 570 P2d 111 (1978), *rev den* 281 Or 323 (1978).

■ Defendant also argues that the marijuana was not within the "plain view" exception to the warrant requirement.

---

[1] ORS 131.615 provides:

"(1) A peace officer who reasonably suspects that a person has committed a crime may stop the person and, after informing the person that he is a peace officer, make a reasonable inquiry.

"(2) The detention and inquiry shall be conducted in the vicinity of the stop and for no longer than a reasonable time.

"(3) The inquiry shall be considered reasonable only if limited to the immediate circumstances that aroused the officer's suspicion."

The critical issue is whether the officer's view into the car was from a "lawful vantage." *State v. Evans, supra; State v. Porter, supra.* If a person is stopped without reasonable suspicion to believe a crime has been committed or if the investigation following a stop is overly instrusive, the officer's presence is without statutory authority or constitutional validity. The officer's view is not from a "lawful vantage," and any contraband seized is suppressible. *State v. Evans, supra; State v. Carter/Dawson, supra.* Here, there was no stop. The officers saw the contraband from a public street without entering the vehicle. Their view was from a lawful vantage and the marijuana seized was admissible. *State v. Porter, supra.*

■      On appeal defendant argues that there were no exigent circumstances justifying the warrantless seizure of the marijuana; that the seizure of the marijuana did not provide probable cause for the full scale search of the car; and that there were no exigent circumstances justifying the opening of the Marlboro pack, opening the paper bindles or testing the cocaine. Those issues, however, were not raised at trial. *See State v. Evans,* 290 Or 707, 713, 625 P2d 1300 (1981). The issues before the trial judge were whether the seizure of the marijuana was the product of an overly intrusive stop and whether the marijuana was in plain view.

Affirmed.