Debora Lynn PAULSON,
Petitioner, Respondent,

v.

COMMISSIONER OF PUBLIC
SAFETY, Appellant.

No. C6–85–1303.

Court of Appeals of Minnesota.

April 1, 1986.

Joseph F. Chase, O'Brien, Ehrick, Wolf, Deaner & Downing, Rochester, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Kenneth H. Bayliss, III, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by FORSBERG, P.J., and LANSING and RANDALL, JJ.

## OPINION

LANSING, Judge.

The Commissioner of Public Safety revoked the driving privileges of respondent Debora Paulson for failing a breath test. Paulson petitioned for judicial review, and after a hearing the trial court rescinded the revocation. The Commissioner of Public Safety appeals from the trial court's order. We reverse.

## FACTS

State Trooper Bradley Timm was driving south on Highway 52 on April 14, 1985, at approximately 1:15 a.m. when he saw a car parked on the frontage road that runs parallel to Highway 52. The car was parked facing south approximately 20 feet west of Highway 52 and 30 feet south of Highway 14, near the driveway of a residence. The car's lights were on and its engine off. Timm pulled in behind the car, which was legally parked, to determine whether there were people in need of assistance.

As Timm pulled in, Christopher Paulson got out of the passenger side of the parked car. His wife, Debora Paulson, was in the driver's seat. There was conflicting testimony on the location of the keys.

As Timm walked over to talk to Christopher Paulson, he saw two plastic glasses with a liquid content partially underneath the car on the passenger side. Timm asked Christopher Paulson whether he was having problems. Paulson said they had just switched drivers because he believed he was too intoxicated to drive. Timm saw

that Christopher Paulson was "quite possibly" under the influence of alcohol.

Timm went around the car to talk to Debora Paulson, seated in the driver's seat. He asked to see her driver's license, which she produced. He then asked her to leave her vehicle and have a seat in his car. While in the squad car he observed several indicia of intoxication. Timm administered a preliminary breath test, which Paulson failed, and he placed her under arrest for DWI. Paulson failed a breath test with a reading of .10, and her license was revoked.

Both Christopher Paulson and Debora Paulson testified that the vehicle was not in need of emergency assistance when Timm approached them.

The trial court determined that while a "stop" did not occur, there was no reasonable cause to investigate because the car was legally parked and the occupants had no need for assistance; the court said that the "mere fact there is a duty to render aid is not [a] sufficient basis" to start the investigation. The court rescinded the revocation of Paulson's driving privileges, and the Commissioner of Public Safety appeals.

## ISSUES

1. Was the trooper's approach of respondent's vehicle a "seizure" under the fourth amendment?

2. Was the trooper's request that respondent leave her vehicle and be seated in the squad car a constitutional seizure?

## ANALYSIS

### I

■ It is not a seizure under the fourth amendment for an officer to approach and talk to a driver seated in a parked vehicle. *State v. Vohnoutka,* 292 N.W.2d 756, 757 (Minn.1980). The officer may do so, even when there is no indication that the occupants of the vehicle are engaged in criminal activity, to determine whether they need assistance. *Kozak v. Commissioner of Public Safety,* 359 N.W.2d 625, 628 (Minn. Ct.App.1984); *Blank v. Commissioner of Public Safety,* 358 N.W.2d 441, 442–43 (Minn.Ct.App.1984). The trooper's act of approaching the legally parked vehicle in

order to render assistance if necessary was not a "seizure," and no constitutional violation occurred.

## II

The trial court did not address the issue of whether the trooper's actions after approaching the car satisfied constitutional standards. The Commissioner objects to consideration of this issue, arguing that the only constitutional question raised at the hearing was the validity of the trooper's initial approach to Paulson's car. However, Paulson contested the validity of the "stop" and the arrest in her petition for judicial review.

The fourth amendment applies to all seizures, even those that involve only a brief detention short of a traditional arrest. *Terry v. Ohio*, 392 U.S. 1, 16, 88 S.Ct. 1868, 1877, 20 L.Ed.2d 889 (1968). The fourth amendment requires seizures to be reasonable. *United States v. Brignoni-Ponce*, 422 U.S. 873, 878, 95 S.Ct. 2574, 2578, 45 L.Ed.2d 607 (1975). Respondent was "seized" for fourth amendment purposes when she was asked to leave her car and be seated in the squad car. *See People v. Freeman*, 413 Mich. 492, 320 N.W.2d 878 (1982) (defendant seized when police officer asked him to leave his vehicle and produce identification).

An investigative "seizure" short of an arrest is justified if the officer can point to specific and articulable facts which, together with reasonable inferences from those facts, reasonably warrant the intrusion. *State v. Barber*, 308 Minn. 204, 206, 241 N.W.2d 476, 477 (1976). The existence of articulable suspicion is to be determined under the totality of the circumstances. *State v. Lande*, 350 N.W.2d 355, 357–58 (Minn.1984). "Articulable suspicion" is an objective standard. *See State v. Pleas*, 329 N.W.2d 329, 332 (Minn.1983).

The following facts were present when Paulson was "seized": She and her

husband were traveling on a route commonly used by patrons of a particular saloon, at a time shortly after bar closing; her husband had stated he was too intoxicated to drive; the officer's observations corroborated that statement; and the officer had observed two partially filled glasses underneath the car on the passenger's side. Here there were sufficient facts, along with reasonable inferences from those facts, to support an articulable suspicion that respondent was in physical control[1] of the vehicle while under the influence of alcohol.

## DECISION

The trial court erred in ruling that the trooper's approach to the vehicle was an investigative stop. The trooper's subsequent "seizure" of respondent was justified by articulable suspicion.

Reversed.

---

[1] Although Debora Paulson had just moved into the driver's seat, she was behind the wheel, and the officer could reasonably have suspected she was in physical control of the vehicle. *See Dufrane v. Commissioner of Public Safety*, 353 N.W.2d 705, 707 (Minn.Ct.App.1984) (location of the keys is but one factor in determining "physical control"). The issue of physical control was not raised on appeal.