Russell Bryon KOTEWA,
Petitioner, Respondent,

v.

COMMISSIONER OF PUBLIC SAFETY, Appellant.

No. C2–87–122.

Court of Appeals of Minnesota.

July 14, 1987.

Stephen D. Gabrielson, Dougherty, Scott & Gabrielson, Fairmont, for petitioner, respondent.

Hubert H. Humphrey, III, Atty. Gen., Kenneth H. Bayliss, III, Spec. Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by LANSING, P.J., and HUSPENI and RANDALL, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Respondent Russell Kotewa's driving privileges were revoked for an implied consent violation. He petitioned for judicial review and the trial court rescinded the revocation. The Commissioner of Public Safety appeals, and we reverse.

## FACTS

On September 27, 1986, shortly before midnight, Richard D. Bolster, a sergeant in the Fairmount Police Department, received a dispatch that people in a blue car at the drive-up window at McDonald's restaurant in Fairmount were drunk. Bolster believed he was told the make of the car, but could not remember it at the hearing. He drove directly to McDonald's, which took three to five minutes.

Bolster testified that he had responded to similar calls from McDonald's. Employees at McDonald's who observed drunk drivers at the drive-up window would call the dispatcher and then attempt to slow down the service of that car until a police car arrived. Bolster did not know the name of the McDonald's employee who called the dispatcher, how long that person had been an employee, or whether the call was definitely made from McDonald's.

When Bolster arrived at McDonald's, he saw the vehicle described by the dispatcher and watched a McDonald's employee walk out of the restaurant and deliver a white McDonald's bag to the car. The car left the lot, stopped at a stop sign, crossed Highway 15, and turned into the parking lot of the Happy Chef restaurant, where it stopped in a parking stall.

Bolster followed the vehicle and parked behind it. He got out of his car and walked up to the driver's side of the blue car. He saw a male driver, later identified as Russell Kotewa, a passenger in the front seat and three passengers in the back seat.

Bolster spoke to Kotewa and asked him for his driver's license. While talking to him, he detected an odor of alcohol coming from the car. Bolster asked Kotewa to leave his car and get into the front seat of the patrol car. While in the patrol car, Bolster observed further signs of intoxication, arrested Kotewa for driving while under the influence of alcohol and invoked the implied consent law.

Kotewa's driving privileges were revoked and he petitioned for judicial review. The trial court held that the officer did not have specific or articulable facts to warrant a stop of the car and concluded the intrusion and subsequent seizure were in violation of Kotewa's fourth amendment rights. It rescinded the revocation and the Commissioner of Public Safety appeals.

## ISSUES

1. Was the officer's approach of respondent's parked car a "seizure" under the fourth amendment?

2. Was the officer's request that respondent leave his vehicle and sit in the patrol car a violation of respondent's fourth amendment rights?

## ANALYSIS

### I

■ It is not a seizure under the fourth amendment for an officer to approach and talk to a driver sitting in an already stopped car. *State v. Vohnoutka,* 292 N.W.2d 756, 757 (Minn.1980); *Paulson v. Commissioner of Public Safety,* 384 N.W.2d 244, 245 (Minn.Ct.App.1986). Bolster's preliminary discussion with Kotewa did not constitute a temporary seizure; he clearly had the right to be where he was when he detected the odor of alcohol.

### II

■ The officer's actions after he detected the odor of alcohol restricted Kotewa's freedom of action and must be subjected to a constitutional analysis. "[W]henever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person." *Terry v. Ohio,* 392 U.S.[f] 1, 16, 88 S.Ct. 1868, 1877, 20 L.Ed.2d 889 (1968). The officer's request that Kotewa produce identification, leave his vehicle and enter the officer's patrol car falls short of an arrest, but constitutes a seizure which must be reasonable under the fourth amendment. *Paulson,* 384 N.W.2d at 246.

In order to justify the seizure, the officer must be able to articulate a "particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez,* 449 U.S. 411, 417–18, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981). The officer's basis is evaluated in light of "all the circumstances" and "inferences and deductions that might well elude an untrained person." *Id.* at 418, 101 S.Ct. at 695. The totality of circumstances includes "the officer's general knowledge and experience, the officer's personal observations, information the officer has received from other sources, the nature of the offense suspected, the time, the location, and anything else that is relevant."

*Appelgate v. Commissioner of Public Safety,* 402 N.W.2d 106, 108 (Minn.1987).

The trial court determined that Bolster's basis for the seizure was the dispatcher's report of the telephone call from the McDonald's employee. The court noted past cooperation of McDonald's personnel had been useful in arresting intoxicated drivers. However, because the informant was unidentified, the dispatcher did not testify, and the officer had only the bare allegation that a "car of drunks" was at the drive-up window, the trial court concluded the seizure was not justified. In *Olson v. Commissioner of Public Safety,* 371 N.W.2d 552, 556 (Minn.1985), the supreme court held that an officer may not make a stop on the basis of an anonymous tip when the anonymous caller does not provide specific and articulable facts to support the assertion of a "possibly drunk" driver on the road.

■ Whether the indicia of reliability of the unidentified informant is sufficient to support a seizure is not the salient question. The officer did not rely exclusively on the report from the McDonald's employee. He personally observed Kotewa drive the automobile and detected the odor of alcohol when he spoke to Kotewa through the window of the stopped car. This is the point at which the seizure must be justified. The trial court's analysis does not take into account this basis for asking Kotewa to enter the patrol car. Because the officer's initial approach was lawful and did not amount to a seizure under the fourth amendment, the request that Kotewa leave his vehicle and enter the squad car may permissibly be based on the officer's detection of the odor of alcohol. A seizure, short of an arrest, is justified if the officer can point to specific and articulable facts which, together with inferences from those facts, reasonably warrant the intrusion. *State v. Barber,* 308 Minn. 204, 206, 241 N.W.2d 476, 477 (1976). The officer was justified in suspecting that the driver had been driving while under the influence of alcohol.

## DECISION

The rescission of the revocation is reversed.

Reversed.