**Bill Walfred NORMAN,
petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Respondent.**

No. C7–87–388.

Court of Appeals of Minnesota.

July 21, 1987.

Michael H. Daub, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by POPOVICH, C.J., and FORSBERG and MULALLY,* JJ.

## OPINION

MULALLY, Judge.

Appellant Bill Walfred Norman was arrested for driving while under the influence and his driver's license was revoked for an implied consent violation. Appellant petitioned for judicial review, contesting the validity of the stop. The trial court sustained the revocation and Norman appeals. We affirm.

## FACTS

Deputy Sheriff Oran Joseph Volkman was on duty on October 3, 1986. He received a report from the dispatcher that a drunken driver was northbound on Highway 65, driving a brown pickup with a particular license plate number. The dispatcher had received three different calls reporting the truck. The officer drove north on Highway 65 for approximately seven to eight miles, but did not see the reported vehicle. He then drove back southbound on Highway 65, and noticed a pickup parked in the "wrong position" in a Tom Thumb store parking lot.

At the implied consent proceeding, Officer Volkman drew a diagram showing where cars are normally parked, and testified that he saw the vehicle backed up against the curb, obstructing other vehicles driving around the gas pump. The truck was occupied and the lights were on. Volkman turned into the parking lot to check whether the vehicle was the truck which had been reported. He determined it was; noting that the truck was brown and the license plate matched the one given over the radio. At this point, appellant was standing outside the vehicle. Volkman walked up to appellant, observed his physical condition, noticed that the truck was

still running, and then had appellant sit in his vehicle. He noticed a strong odor of alcohol about his person and red bloodshot eyes.

The officer did not observe appellant drive his vehicle. On redirect examination, the officer testified that the dispatcher reported a call of weaving on the highway and a drunk driver northbound. On recross-examination, he explained that the dispatcher will usually say "DK northbound, DK weaving, observed weaving," generalized by saying DK.

The trial court sustained the revocation, determining that there was a sufficient basis for the stop. Norman appeals.

## ISSUE

Did the officer have a sufficient basis for his seizure of appellant?

## ANALYSIS

Appellant asserts that the officer improperly stopped him, because the stop was based upon information from anonymous tips which did not provide "specific and articulable facts" to support the bare allegation of drunk driving. *Olson v. Commissioner of Public Safety*, 371 N.W.2d 552, 556 (Minn.1985).

Initially, we note that the officer did not "stop" appellant by walking up to him while he was standing outside the truck. It is not a seizure for an officer to walk up to and talk to a driver standing outside of his vehicle. *State v. Vohnoutka*, 292 N.W.2d 756, 757 (Minn.1980); *Paulson v. Commissioner of Public Safety*, 384 N.W.2d 244, 245 (Minn.Ct.App.1986).

The officer's action in asking appellant to sit in his vehicle constitutes a seizure which must be reasonable under the fourth amendment. *Paulson*, 384 N.W.2d at 246. In order to justify the seizure, the officer must have a "particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez*, 449 U.S. 411, 417–18, 101 S.Ct. 690, 694–95, 66 L.Ed.2d 621 (1981).

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

All the circumstances must be considered. *Id.* at 418, 101 S.Ct. at 695. "These circumstances include the officer's general knowledge and experience, the officer's personal observations, information the officer has received from other sources, the nature of the offense suspected, the time, the location, and anything else that is relevant." *Appelgate v. Commissioner of Public Safety*, 402 N.W.2d 106, 108 (Minn.1987).

The trial court noted that *Olson* would appear to require more information as to what the dispatcher had been told than was presented at the hearing, apparently determining that the dispatcher had not reported weaving on the highway. It determined, however, that the three phone calls and the testimony that the vehicle was parked in other than a normal position were sufficient to provide a basis for the stop.

 In *Olson*, the supreme court held that an anonymous tip by a citizen did not provide a sufficient basis for a stop, because there was no showing of specific and articulable facts to support the caller's bare assertion of a possibly drunk driver. 371 N.W.2d at 556. In this case, the tips were corroborated because the officer observed the truck parked in the "wrong position." An officer may be justified in investigating a vehicle because it is parked in an unusual or suspicious manner, because the officer could infer wrongdoing. *See State v. Hedman*, 269 Minn. 375, 379, 130 N.W.2d 628, 630–31 (1964), *cert. denied*, 381 U.S. 907, 85 S.Ct. 1456, 14 L.Ed.2d 289 (1965); *Thomeczek v. Commissioner of Public Safety*, 364 N.W.2d 471, 472 (Minn. Ct.App.1985). The officer, who may make inferences and deductions which might elude an untrained person, *State v. Kvam*, 336 N.W.2d 525, 528 (Minn.1983), could have inferred from the tips and from the position in which the truck was parked, that appellant may have been driving while under the influence. *Marben v. Commissioner of Public Safety*, 294 N.W.2d 697, 699 (Minn.1980) ("All that is required is that the stop be not the product of mere whim, caprice, or idle curiosity.") (citing *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968)). The police

officer had a "particularized and objective basis" for his suspicion, and he was warranted in requiring appellant to sit in his vehicle for further investigation.

## DECISION

The trial court's order sustaining the revocation is affirmed.

Affirmed.