**Earl Raymond COBB,
Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Respondent.**

No. C5–87–308.

Court of Appeals of Minnesota.

Aug. 25, 1987.

Louis D. Bass, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Nancy J. Bode, Sp. Asst. Attys. Gen., St. Paul, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and LANSING and MULALLY*, JJ.

## OPINION

SEDGWICK, Judge.

Appellant was arrested for driving while under the influence and his license was revoked for an implied consent violation. He petitioned for judicial review, and the trial court sustained the revocation. We affirm.

## FACTS

On December 14, 1986, Deputy Sheriff Edward M. Whitledge was on duty in Arden Hills. At 4:50 p.m., Whitledge received a radio dispatch that a private citizen reported a suspicious vehicle in the neighborhood. The vehicle was described as a blue GMC van which had been parked at the corner of Wynridge and Wyncrest for 10 minutes.

Whitledge went to the area and found a vehicle matching the description, legally parked, with its engine running. Whit-

* Acting as judge of the Court of Appeals by appointment pursuant to Minn.Const. art. 6, § 2.

ledge had prior knowledge that burglaries had been committed in the neighborhood within the previous month between 3:00 and 6:00 p.m. He parked his squad car behind the van and saw appellant sitting alone in the center of the front seat. Whitledge went to the driver's side and knocked on the window. Appellant moved over and rolled down the window. Upon request, appellant produced a Minnesota driver's license with a Coon Rapids address, approximately 16 miles from where he was parked. When the deputy asked appellant what he was doing there, appellant replied he lived "just down the street."

Whitledge noticed an odor of alcohol on appellant's breath, and asked him to walk back to the squad car. He observed that appellant was unsure of his balance. Whitledge asked appellant if he had been drinking. Appellant said, "yes," at a company Christmas party that started at "4:00 a.m." Appellant said he was on his way home and he was tired, so he pulled over. Appellant's driver's license was revoked after he refused testing.

## ISSUES

1. Was appellant subjected to a "seizure" when the officer approached his vehicle, knocked on the window, and asked appellant to identify himself?

2. Did the officer have articulable reasons for the requesting of identification?

## ANALYSIS

■ 1. It does not constitute a seizure for an officer to approach an already stopped car. *State v. Vohnoutka,* 292 N.W.2d 756, 757 (Minn.1980). Courts have generally held that it does not, by itself, constitute a seizure for an officer to simply walk up and talk to a person standing in a public place or to a driver sitting in an already stopped car. 3 W. LaFave, *Search and Seizure* § 9.2(h) (2d ed. 1987). However, the police need a particularized and objective basis for the minimal intrusion occasioned by asking the driver to identify himself. *United States v. Cortez,* 449 U.S. 411, 417–18, 101 S.Ct. 690, 694–95, 66 L.Ed.2d 621 (1981); *see Delaware v.*

*Prouse,* 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660 (1979); *see also Vivier v. Commissioner of Public Safety,* 406 N.W.2d 587 (Minn.Ct.App.1987).

■ 2. In this case, the officer had an articulable basis for requesting driver identification. A private citizen reported a suspicious vehicle in the neighborhood, and described a blue GMC van which had been parked on the corner for 10 minutes. The officer testified that in that residential neighborhood, vehicles generally are parked in driveways. Further, he had prior knowledge of burglaries which had been committed in the neighborhood within the previous month between 3:00 and 6:00 p.m. *See State v. Henderson,* 382 N.W.2d 275 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Apr. 18, 1986). The officer had sufficient basis for the limited intrusion involved in asking the driver to identify himself. *State v. Mallory,* 337 N.W.2d 391, 393–94 (Minn.1983); *State v. Hodgman,* 257 N.W.2d 313, 314 (Minn.1977); *Thomeczek v. Commissioner of Public Safety,* 364 N.W.2d 471, 472 (Minn.Ct.App.1985).

## DECISION

The order of the trial court sustaining the revocation is affirmed.

Affirmed.