**Wayne Thomas LaBEAU,
Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Respondent.**

**No. C2–87–685.**

Court of Appeals of Minnesota.

Sept. 29, 1987.

Brian H. Miller, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered, and decided by HUSPENI, P.J., and LESLIE and FORSBERG, JJ.

## OPINION

HUSPENI, Judge.

Appellant, Wayne LaBeau, was arrested for driving while under the influence, and refused to submit to testing. After his driver's license was revoked, he petitioned for judicial review. The trial court sustained the revocation, and LaBeau appeals. We affirm.

## FACTS

On October 17, 1986, at approximately 1:30 a.m. Officer Jeffrey Brunson of the St. Louis Park Police Department went to investigate a complaint from the Ambassador Hotel that an intoxicated individual was driving away in a small black pick-up truck, with the license plate number 162BKE. The officer went to the reported location of the vehicle and found a pick-up truck matching the description parked in a lot with its lights off. He saw a single occu-

pant, the appellant, in the driver's seat of the vehicle.

Officer Brunson approached the vehicle and talked with appellant, who initially refused to give any identification. Brunson noticed that there was a strong odor of alcohol, that appellant's eyes were bloodshot and watery, and that his speech was slurred and thick tongued. The officer placed appellant in his squad car and transported him to the Ambassador Hotel, where he was identified by the security guard. Brunson asked appellant to submit to a preliminary breath test, but he refused. The officer formed the opinion that appellant was driving, operating, or in physical control of a motor vehicle while under the influence of alcohol. A subsequent search of the vehicle revealed that the keys were in the glove compartment.

Appellant was transported to the St. Louis Park Police Station, where the implied consent advisory was read to him. He said he understood the advisory, and again refused to take a breath test.

At the hearing appellant testified that a friend, Robert Phelps, drove the vehicle from the Ambassador Hotel to the parking lot where appellant was apprehended. Phelps' testimony corroborated appellant's.

## ISSUES

1. Did the officer have an articulable basis for requesting that appellant identify himself and leave his pick-up truck?

2. Was the issue of whether appellant was actually driving, operating, or in physical control of the motor vehicle properly before the court?

## ANALYSIS

### I.

■ If an officer walks up and talks to a driver seated in an already stopped vehicle, it does not constitute a seizure. *State v. Vohnoutka*, 292 N.W.2d 756, 757 (Minn. 1980). However, if the officer requests identification and asks the driver to leave a vehicle, the officer must be able to point to specific and articulable facts which, together with reasonable inferences from those facts, reasonably warrant the intrusion. *Cobb v. Commissioner of Public Safety*, 410 N.W.2d 902 (Minn.Ct.App.1987); *Paulson v. Commissioner of Public Safety*, 384 N.W.2d 244, 246 (Minn.Ct.App.1986). *See Delaware v. Prouse*, 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660 (1979) (unless there is an articulable and reasonable suspicion that a vehicle or occupant is subject to seizure for a violation of law, stopping an automobile and detaining a driver to check his driver's license and registration is unreasonable under the fourth amendment).

The trial court did not specifically address whether there were specific and articulable facts to support the limited seizure which occurred when the officer requested identification and asked appellant to leave the truck. Appellant argues that the officer made no observations of his own prior to the time that he was ordered to leave the truck. In addition, he contends that a security guard's report of an "intoxicated driver" without facts supporting that conclusion does not form a sufficient basis for his detention.

On direct examination, Officer Brunson testified he informed appellant that he had received information that appellant's vehicle was driven by an intoxicated person. He stated that he asked appellant for identification, and appellant refused to produce identification. When questioned about appellant's condition, the officer said he observed a strong odor of alcohol on appellant's breath, that his eyes were "bloodshot and watery" and that his speech was "very thick tongued and slurred." The officer said that he then asked appellant to leave his vehicle. Appellant, however, asserts that the officer asked him to step out immediately, and that the observations showing indicia of intoxication occurred afterwards.

■ After reviewing the transcript and the trial court order, we believe a proper inference may be drawn that the officer made the observations when talking to appellant while occupying the truck, as well as after he left it. The initial observation

provided specific and articulable facts to support the officer's request that identification be produced and that appellant leave his truck.

## II.

We next address the question of whether the issue of actual driving or physical control of the vehicle was properly raised at trial level. *Llona v. Commissioner of Public Safety*, 389 N.W.2d 210, 212 (Minn. Ct.App.1986) (when alleged driver raises issue of whether he was actually driving, Commissioner must prove by fair preponderance of the evidence that he was the driver). Minn.Stat. § 169.123, subd. 5b (1986) provides that the issues to be heard in an implied consent hearing must be raised with specificity. The requirement may be waived, and an issue not raised in the petition may be tried by consent. *Winder v. Commissioner of Public Safety*, 392 N.W.2d 21, 23 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Oct. 22, 1986).

Appellant concedes that the issue was not raised in the petition. He argues, however, that evidence was introduced on the subject of actual driving or physical control and that it was not until Robert Phelps testified that the Commissioner objected. Appellant contends that the Commissioner's failure to object earlier constituted a waiver. We cannot agree.

At the commencement of the hearing, the trial court inquired whether appellant was pursuing all the issues set forth in his petition. Appellant indicated that he would be doing so. He did not then raise the issue of actual driving or physical control. The fact that some testimony regarding appellant's version of the events was given is not determinative; such facts are commonly provided as background information. As the Commissioner argues, when it became clear that appellant was attempting to pursue the claim that he was neither driving nor in physical control of the vehicle, a clear and continuing objection was raised by counsel for the Commissioner. The court recognized the objection, took it under advisement, and allowed appellant's witness to testify. The court

ruled, however, that the question had not been raised in the petition, and was not before the court. We agree with the trial court's assessment. The Commissioner "seasonably" objected to the evidence and the issue was not properly before the trial court. *Ray v. First National Bank of Pine City*, 410 N.W.2d 850 (Minn.Ct.App. 1987).

Further, even if the issue of actual driving or physical control was before the trial court, the evidence indicates that appellant was, in fact, in actual physical control of the motor vehicle. He was found seated in the driver's seat of the pick-up truck and the keys were within easy reach in the glove compartment. The officer reasonably could have believed that appellant would set out on an inebriated journey at any moment, posing a risk to himself and others. *See State v. Woodward*, 408 N.W.2d 927 (Minn.Ct.App.1987); *Vivier v. Commissioner of Public Safety*, 406 N.W.2d 587, 590 (Minn.Ct.App.1987); *Sens v. Commissioner of Public Safety*, 399 N.W.2d 602, 604–05 (Minn.Ct.App.1987).

### DECISION

The order of the trial court sustaining the revocation is affirmed.

Affirmed.