**STATE of Minnesota, Respondent,**

v.

**Darrell Raymond LIPINSKI, Appellant.**

**No. C7–87–1637.**

Court of Appeals of Minnesota.

Feb. 23, 1988.
Review Denied March 23, 1988.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Richard L. Ronning, Willmar City Atty., Willmar, for respondent.

James R. Anderson, Marshall, for appellant.

Considered and decided by NORTON, P.J., and IVERSON and LOMMEN, JJ.*

## OPINION

NORTON, Judge.

Darrell Lipinski appeals his conviction of driving a motor vehicle while under the influence of alcohol, claiming his seizure by police violated the fourth amendment. We affirm.

## FACTS

At approximately 5:47 p.m. on April 13, 1987, Officer Robert Salonek of the Willmar City Police Department received a dispatch on his squad car radio. The dispatcher told Officer Salonek that a person identifying himself as a doctor at the Willmar Regional Treatment Center had called in to report that an intoxicated individual had left the treatment center in a red Buick with Minnesota license plates MPJ 983. Officer Salonek was told to check out North Highway 71.

Upon entering Highway 71, Officer Salonek spotted a vehicle on the service drive that matched the description given to him. Officer Salonek followed the suspect vehicle into the parking lot of a motel, where he watched it park. He did not observe any erratic driving or other evidence of intoxication. He then parked beside the vehicle and observed that appellant was the driver and only occupant of the car.

Officer Salonek got out of his car and told appellant, who rolled down his window, of the complaint. While still seated in the car, appellant stated that he was not drunk. Officer Salonek then asked appellant to step from his vehicle into the front seat of the police car.

Once appellant was in the squad car, Officer Salonek smelled the odor of alcohol on his breath. He asked appellant if he would take an alcohol breath test. Appellant took the test, which he failed. Officer Salonek then arrested appellant for DWI.

The court held an omnibus hearing, during which respondent's attorney asked Officer Salonek: "And it was one of the doctors at the treatment center that had phoned in the call; is that correct?" Appellant objected to the question as hearsay. The trial court overruled the objection. At the close of the hearing, the trial court denied appellant's motion to dismiss for lack of probable cause.

Appellant later stipulated that he voluntarily consumed alcohol prior to the time he was driving on the North Highway 71 service drive, that the alcohol did to some degree affect his ability to drive a motor vehicle at that time, and that the intoxilyzer test showed an alcohol concentration of .21%. Based on the stipulated facts, the trial court found appellant guilty of driving a motor vehicle while under the influence of alcohol. *See* Minn.Stat. § 169.121, subd. 1 (1986).

## ISSUE

Was appellant's seizure justified?

## ANALYSIS

■ A person has been seized for fourth amendment purposes when an officer requests that person to leave his or her vehicle and sit in the officer's squad car. *E.g., Paulson v. Commissioner of Public Safety,* 384 N.W.2d 244, 246 (Minn.Ct.App. 1986); *See also Kotewa v. Commissioner of Public Safety,* 409 N.W.2d 41, 43 (Minn. Ct.App.1987).

Appellant first argues that probable cause is required before a person can be stopped or seized. This is not the law. In similar circumstances, *Kotewa* held: "In order to justify the seizure, the officer must be able to articulate a 'particularized and objective basis for suspecting the particular person stopped of criminal activity.'" *Kotewa,* 409 N.W.2d at 43 (quoting *United States v. Cortez,* 449 U.S. 411, 417–18, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981)).

■ We note that the trial court applied the probable cause standard to determine the validity of the seizure. However, because probable cause is a more stringent standard, this was harmless error.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

Citing *Olson v. Commissioner of Public Safety*, 371 N.W.2d 552 (Minn.1985), appellant next argues that the seizure was not justified because it was based solely upon the tip from the doctor at the treatment center. In *Olson*, the supreme court held that an anonymous tip received by police of a possible drunk driver lacked the requisite minimal indicia of reliability required by the fourth amendment. *Id.* at 556. As here, the informant in *Olson* described the suspect's vehicle, its location, and its license plate number. Also, in neither case did the investigating police officers observe erratic driving behavior by the suspect.

In *Olson*, the supreme court disapproved of police stops based on "the mere whim of an anonymous caller." *Id.* The court noted the police dispatcher apparently failed to elicit "some minimal specific and articulable facts from the anonymous caller to support the caller's bare assertion of a possibly drunk driver on the road." *Id.*

The court in *Olson* compared the facts presented there with those of *Marben v. State, Department of Public Safety*, 294 N.W.2d 697 (Minn.1980), the "leading Minnesota case." *Olson*, 371 N.W.2d at 555. In *Marben*, a state trooper received a tip on his C.B. radio from an unidentified trucker, who stated that a car had been tailgating him for 60 to 70 miles. Although the trooper observed nothing improper in the operation of the suspect car, he stopped it. In upholding the stop, the supreme court cited the presumed reliability of a citizen informer, the fact that the trooper was able to verify that the trucker had been in the area and in close proximity to the suspect car, and the fact that the claim of tailgating gave the trooper reason to believe that a traffic violation had occurred. *Marben*, 294 N.W.2d at 699.

In each of these cases, the basis for the seizure is evaluated in light of the totality of the circumstances. *See Cortez*, 449 U.S. at 418–19, 101 S.Ct. at 695–96. The United States Supreme Court has held: "Informants' tips, like all other clues and evidence coming to a police [officer] on the scene, may vary greatly in their value and reliability. One simple rule will not cover every situation. * * * But in some situations—for example, * * * when a credible informant warns of a specific impending crime—the subtleties of the hearsay rule should not thwart an appropriate police response." *Adams v. Williams*, 407 U.S. 143, 147, 92 S.Ct. 1921, 1924, 32 L.Ed.2d 612 (1972), *quoted in Olson*, 371 N.W.2d at 554.

The informant here identified himself by name, told the dispatcher that he was a doctor at the Willmar Regional Treatment Center, and stated that appellant had just left the treatment center in an intoxicated state. As the trial court observed: "[T]he officer got a call from a doctor, a very reliable doctor from a state hospital, * * * where he treats alcoholics, [and] where they have a great understanding of the problems of alcoholism. Certainly a doctor of an institution like that is going to understand whether or not a person was under the influence." *See Appelgate v. Commissioner of Public Safety*, 402 N.W.2d 106, 108 (Minn.1987) (relevant circumstances include "information the officer has received from other sources, the nature of the offense suspected, and the location"). Under these facts, the officer had an articulable suspicion that appellant was in physical control of his vehicle while under the influence of alcohol, and the seizure was justified.

Appellant also claims prejudicial error in the trial court's overruling of his hearsay objection to the state's question to Officer Salonek: "And it was one of the doctors at the treatment center that had phoned in the call, is that correct?" Because the hearsay was reliable, however, we find no prejudicial error in its admission. *See* Minn.R.Crim.P. 11.03.

### DECISION

The police officer's seizure of appellant was justified by articulable suspicion.

Affirmed.