**STATE of Minnesota, Respondent,**

v.

**John Vernon DAY, Appellant.**

**No. C8-90-751.**

Court of Appeals of Minnesota.

Oct. 23, 1990.

Review Denied Dec. 20, 1990.

---

John S. Lind, Indian Legal Assistance Program, Duluth, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul and Thomas Butorac, Virginia City Atty., Virginia, for respondent.

Considered and decided by CRIPPEN, P.J., and FOLEY and SCHUMACHER, JJ.

## OPINION

CRIPPEN, Judge.

In a proceeding leading to conviction of appellant for driving after revocation, the trial court admitted evidence obtained after a police officer pulled in near appellant at a gas station, exited his squad car, and summoned appellant to approach his squad car to provide identification and to respond to questioning. Appellant contends the officer's conduct constituted a restraint under the fourth amendment and the officer's actions occurred without articulable cause. We agree and reverse.

## FACTS

A Virginia, Minnesota police officer stopped to the left of appellant's car at a filling station, exited his squad car and summoned appellant to approach him and to respond to questioning. At that moment, appellant was about to pump gas into his car. In the course of questioning, appellant revealed his name, address and date of birth. The officer checked his license status. Premised on his earlier observation that appellant was driving, the officer issued him a citation for driving after revocation.

To demonstrate cause for the police officer's conduct, the state introduced a copy of the police officer's written report. The officer explained he followed appellant's vehicle to the filling station after seeing appellant and a companion in a parking lot. Appellant testified he and his girlfriend were in the empty parking lot for ten minutes looking at an old pickup truck prominently marked with a for sale sign. The officer's report stated that at approximately 6:38 p.m. on September 15, 1989:

> I observed two adult Indians, one male and one female; they were looking under the hood of a vehicle parked in a parking lot.

The officer's report explained that he followed appellant's vehicle with the intention of speaking to the couple.

Appellant eventually pulled into a filling station on the north side of the City of Virginia, approximately ten blocks from the parking lot. There is no evidence appellant saw the officer prior to encountering him at the filling station. There is no evidence of irregularity in his driving.

Finding the officer's conduct did not constitute a seizure of appellant under the fourth amendment, the trial court denied appellant's motion to suppress evidence leading to his conviction for driving after revocation.

## ISSUES

1. Was appellant subjected to restraint constituting a fourth amendment seizure?

2. Did the officer have specific and articulable facts justifying an investigatory restraint?

## ANALYSIS

■ Where, as here, the facts are not significantly in dispute, this court's standard of review is to determine as a matter of law whether the officer's actions amounted to a seizure and if the officer had an adequate basis for the seizure. *See State v. Storvick*, 428 N.W.2d 55, 58 n. 1 (Minn.1988).

### I

■ The fourth amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated * * *." U.S. Const. amend. IV. While not all intercourse among police officers and individuals involves a "seizure" of the person, a "seizure" may occur when a police officer, "by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Terry v. Ohio*, 392 U.S. 1, 19 n. 16, 88 S.Ct. 1868, 1879 n. 16, 20 L.Ed.2d 889 (1968). A "seizure" occurs only if, in view of all the circumstances surrounding the incident, reasonable persons would not believe they were free to leave. *United States v. Mendenhall*, 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980); *accord INS v. Delgado*, 466 U.S. 210, 220–21, 104 S.Ct. 1758, 1765, 80 L.Ed.2d 247 (1984).

■ It is a seizure under the fourth amendment when an officer stops an automobile. *Delaware v. Prouse*, 440 U.S. 648, 653, 99 S.Ct. 1391, 1396, 59 L.Ed.2d 660 (1979). Here, however, the officer did not attempt to stop appellant's vehicle. He followed appellant's vehicle for approximately ten blocks and did not approach him until he had stopped his automobile at a filling station.

In determining there was no seizure of appellant, the trial court relied on *State v. Vohnoutka*, 292 N.W.2d 756, 757 (Minn. 1980), in which the supreme court found no seizure occurred when the officer ap-

proached a parked automobile and shined a flashlight into the passenger compartment. As the supreme court noted:

> [C]ourts generally have held that it does not by itself constitute a seizure for an officer to simply walk up and talk to a person standing in a public place or to a driver sitting in an already stopped car.

*Id.* (citing 3 W. LaFave, *Search and Seizure* § 9.2(g) (1978)). On the other hand, it is likely to be a seizure if a person is ordered out of a vehicle, or the police engage in some other action or show of authority which one would not expect between two private citizens. 3 W. LaFave, *Search and Seizure* § 9.2(h) (2d ed. 1987) (*cited in Klotz v. Comm'r of Public Safety*, 437 N.W.2d 663, 665 (Minn.App.1989), *pet. for rev. denied* (Minn. May 24, 1989)).

■ We conclude the summoning by the police officer, who was in uniform and armed, requiring appellant to approach the officer's squad car to provide identification and to respond to questioning, constitutes a restraint and seizure under the fourth amendment.[1] This was not an "otherwise inoffensive contact between a member of the public and the police," as Justice Stewart characterized the encounter in *Mendenhall*, 446 U.S. at 555, 100 S.Ct. at 1877 (Stewart, J., plurality opinion). In reaching the conclusion no seizure had occurred in *Mendenhall*, Justice Stewart noted that the events took place in a public concourse in an airport, the agents were not in uniform, they did not display weapons and "[t]hey did not summon the respondent to their presence, but instead approached her." *Id.*

## II

■ Unless an officer has a reasonable suspicion that a driver is unlicensed or that he is otherwise subject to seizure for violations of the law, a seizure for the purpose of checking identification is unreasonable under the fourth amendment. *See Delaware v. Prouse*, 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660 (1979). In justi-

fying the intrusion, the officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry*, 392 U.S. at 21, 88 S.Ct. at 1880; *accord United States v. Cortez*, 449 U.S. 411, 417–18, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981).

■ Here, the police officer indicated no basis for suspicion of crime, nor is there any evidence he had actually formulated any suspicion of criminal activity. Nothing suggests that the conduct of appellant in the parking lot was unlawful. *See People v. Winslow*, 26 Ill.App.3d 1035, 1038, 325 N.E.2d 426, 428 (1975) (person making jerking motion on far side of car in an area where auto thefts had occurred, created sufficient possibility person was "pulling" the car lock), *cert. denied*, 424 U.S. 915, 96 S.Ct. 1114, 47 L.Ed.2d 319 (1976). Nor is there any evidence appellant's departure from the parking lot was an attempt to evade the officer. *See State v. Johnson*, 444 N.W.2d 824, 827 (Minn.1989) (trooper made eye contact with driver causing him to suspect driver was later trying to evade him). There is no evidence appellant saw the officer before he pulled into the filling station. The officer viewed a carburetor behind the driver's seat of appellant's vehicle some time after the seizure of appellant and this sighting, although contemporaneous with the encounter at the filling station, cannot form a basis for justification of the seizure.[2] *See Smith v. Ohio*, —— U.S. ——, 110 S.Ct. 1288, 1290, 108 L.Ed.2d 464 (1990) (evidence obtained during search incident to arrest cannot justify otherwise unlawful arrest of individual). Absent a basis for suspecting appellant of misconduct, the balance between the public interest in crime prevention and appellant's right to personal security and privacy tilts in favor of freedom from a seizure to obtain information. *Brown v. Texas*, 443 U.S. 47, 52, 99 S.Ct. 2637, 2641, 61 L.Ed.2d 357 (1979).

---

1. We do not answer whether a mere request for identification, without more, constitutes a seizure.

2. A later inspection of the truck in the parking lot showed no parts were missing.

## DECISION

The trial court erred in concluding the officer's conduct did not constitute a seizure. Under the circumstances, the restraint of appellant was for idle curiosity outside the parameters of conduct acceptable under the fourth amendment. Accordingly, appellant's conviction for driving after revocation is reversed.

Reversed.