Paul Mitchell **KRANZ, Jr.,**
Petitioner, Appellant,

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

No. C3–95–885.

Court of Appeals of Minnesota.

Nov. 14, 1995.

Paul W. Rogosheske, Thuet, Pugh & Rogosheske, Ltd., South St. Paul, for Appellant.

Hubert H. Humphrey, III, Attorney General, Jeffrey S. Bilcik, Assistant Attorney General, St. Paul, for Respondent.

Considered and decided by WILLIS, P.J., and HUSPENI and THOREEN,* JJ.

## OPINION

WILLIS, Judge.

Paul Mitchell Kranz, Jr., appeals from an order sustaining revocation of his driving privileges, arguing that the district court erred in denying his motion for involuntary dismissal. We agree and reverse.

## FACTS

Paul Mitchell Kranz, Jr., was walking along Highway 10 in Washington County when a Washington County deputy approached him, questioned him, asked for his driver's license, and asked him to enter the deputy's squad car. The deputy transported Kranz to the location of Kranz's car, which Kranz had driven off the side of the highway. State Trooper Richard Wegner arrived on the scene and eventually arrested Kranz for driving while under the influence. The Commissioner of Public Safety revoked Kranz's driver's license.

Kranz petitioned the district court for review of his license revocation. In his petition for review, Kranz raised the issue of whether he was constitutionally seized. At the revocation hearing, the Commissioner called only one witness, Trooper Wegner, who testified that when he arrived at the scene, the Washington County deputy gave him Kranz's driver's license and told him that Kranz had been drinking. At that time, Kranz was locked in the back seat of the deputy's car. The Commissioner did not offer evidence regarding the circumstances of Kranz's placement in the Washington County deputy's squad car, the deputy's request for Kranz's driver's license, or the deputy's transportation of Kranz to the location of his car. At the close of the Commissioner's case, Kranz moved for a "directed verdict," claiming that the Commissioner had failed to show that the Washington County deputy's seizure of Kranz was constitutional. The court denied Kranz's motion.

After Kranz testified and both parties rested, Kranz again challenged the propriety of the deputy's actions, arguing that the Commissioner failed to prove the specific and articulable facts on which the deputy based his decision to seize Kranz. The district court rejected Kranz's argument and sustained the revocation of Kranz's driver's license. Kranz appeals.

## ISSUE

Did the district court err in failing to grant appellant's motion at the close of the Commissioner's case?

## ANALYSIS

The parties agree that, in substance, Kranz's motion at the conclusion of the Commissioner's case was a motion for involuntary dismissal pursuant to Minnesota Rule of Civil Procedure 41.02. This rule states:

> (b) After the plaintiff has completed the presentation of evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law, the plaintiff has shown no right to relief. In an action tried by the court without a jury, the court as trier of the fact may then determine the facts and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.

Minn.R.Civ.P. 41.02(b).

The district court here did not defer judgment until the close of all the evidence or render judgment against the Commissioner, but rather denied Kranz's motion. Implicit in the court's denial of the motion were find-

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

ings that the Commissioner had shown a right to relief and that the Commissioner had shown that the deputy's seizure of Kranz was constitutional. We disagree that the Commissioner showed that the seizure was constitutional.

The United States Constitution and the Minnesota Constitution protect individuals from unreasonable searches and seizures. *See* U.S. Const. amend. IV; Minn. Const. art. I, § 10. Where the facts are not significantly in dispute, this court determines as a matter of law if the officer's actions amounted to a seizure and if the officer had an adequate basis for the seizure. *State v. Day,* 461 N.W.2d 404, 406 (Minn.App.1990) (citing *State v. Storvick,* 428 N.W.2d 55, 58 n. 1 (Minn.1988)), *review denied* (Minn. Dec. 20, 1990).

We first must decide whether the deputy's actions amounted to a seizure. A seizure has occurred if, on the basis of the totality of the circumstances,

a reasonable person would have believed that he or she was neither free to disregard the police questions nor free to terminate the encounter.

*State v. Cripps,* 533 N.W.2d 388, 391 (Minn. 1995) (citations omitted). The totality of the circumstances indicates that a seizure occurred in this case. Trooper Wegner testified that Kranz was locked in the back seat of the Washington County deputy's car when Wegner arrived at the scene and that the deputy had Kranz's identification. *See State v. Pfannenstein,* 525 N.W.2d 587, 589 (Minn. App.1994) (concluding that more intrusive requests for identification are more likely to be seizures), *review denied* (Minn. Mar. 14, 1995); *LaBeau v. Commissioner of Pub. Safety,* 412 N.W.2d 777, 779 (Minn.App.1987) (holding that a seizure occurs when the police request identification and ask driver to leave vehicle); *Kotewa v. Commissioner of Pub. Safety,* 409 N.W.2d 41, 43 (Minn.App.1987) (holding that a seizure occurs when officer requests that driver produce identification, leave his vehicle, and enter the officer's vehicle); *Paulson v. Commissioner of Pub. Safety,* 384 N.W.2d 244, 246 (Minn.App.1986) (holding that a seizure occurs when an officer asks a person to sit in a squad car). Reasonable persons in Kranz's situation would not

believe that they were free to terminate the encounter with the Washington County deputy.

Because we conclude that the Washington County deputy seized Kranz, we must determine if the Commissioner showed that the deputy had an adequate basis for the seizure and that it was thereby constitutional. A seizure is constitutional if the Commissioner can show that the officer had a " 'particularized and objective basis for suspecting the particular persons [seized] of criminal activity.' " *Berge v. Commissioner of Pub. Safety,* 374 N.W.2d 730, 732 (Minn.1985) (quoting *United States v. Cortez,* 449 U.S. 411, 417–18, 101 S.Ct. 690, 694–95, 66 L.Ed.2d 621 (1981)). The officer must have more than a "hunch" and must be able to "point to something that objectively supports his suspicion." *State v. Johnson,* 444 N.W.2d 824, 825–26 (Minn.1989) (citing *United States v. Sokolow,* 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1 (1989); *State v. Johnson,* 257 N.W.2d 308, 309 (Minn.1977)).

The evidence offered by the Commissioner did not show that the Washington County deputy had a particularized and objective basis for suspecting that Kranz had committed a crime. The Commissioner's evidence showed only that (1) Trooper Wegner observed Kranz in the back of the deputy's car, (2) the deputy had Kranz's license, and (3) the deputy told Wegner that Kranz had been drinking. The Commissioner failed to point to any particularized facts that support the deputy's seizure of Kranz.

Because the Commissioner presented no evidence regarding the deputy's basis for suspecting Kranz of criminal activity, the district court erred by denying Kranz's motion for involuntary dismissal at the close of the Commissioner's case and by subsequently sustaining the revocation of Kranz's driver's license.

## DECISION

The district court erred in sustaining the revocation of Kranz's driver's license.

**Reversed.**