**Harold Joseph THOMECZEK, Jr., Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

**No. C1–84–1439.**

Court of Appeals of Minnesota.

March 19, 1985.

Steven A. Sondrall, Robbinsdale, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Jean Boler, Sp. Asst. Attys. Gen., St. Paul, for respondent.

Heard, considered and decided by LANSING, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Appellant Harold Thomeczek refused to take a breath test after a police officer read him the implied consent advisory. Thomeczek's driver's license was revoked and he petitioned for judicial review. Following a hearing the referee confirmed the revocation. Thomeczek appealed. We affirm.

## FACTS

At 11:18 p.m. on May 23, 1984 a patrolling Eden Prairie Police Officer noticed a Chevy Blazer parked on Kristi Lane, about

one block east of Highway 101. The officer knew that area around Kristi Lane was the site of residential development. Some homes were occupied while others were unoccupied or being built. The Blazer was legally parked in front of a vacant lot, with its lights on and with its motor running. The officer decided to investigate, suspecting either the occupant of the Blazer needed assistance or there was some wrongdoing occurring.

The officer parked his squad car behind the Blazer, and when he got out and started walking toward the Blazer it started moving slowly forward. With his flashlight the officer signaled the driver to stop. At the hearing the officer testified he would have pursued the vehicle if the driver had not complied with his signal. The driver, appellant Thomeczek, stepped out of his truck and walked back to speak with the officer. The officer noted Thomeczek's balance was unsteady, his speech slurred and that his breath smelled of alcohol.

## ISSUE

Did specific and articulable facts exist to raise a reasonable suspicion justifying an investigatory stop?

## ANALYSIS

Appellant Thomeczek challenges only the legality of the investigatory stop. The parties agree this case is governed by the standard established in *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968):

in justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion.

The parties reach different conclusions when applying the standard.

■ When a court decides if an investigatory stop is valid, it must consider the facts in light of the surrounding circumstances. *United States v. Cortez*, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981).

It should assess the facts from the point of view of a trained police officer familiar with "modes or patterns of operation of certain kinds of lawbreakers. From these data, a trained officer draws inferences and makes deductions—inferences and deductions that might well elude 'an untrained person."

Minnesota courts have followed these rules to find reasonable grounds for investigatory stops existed in several cases. In *State v. Barber*, 308 Minn. 204, 241 N.W.2d 476 (1976) an officer noticed license plates wired on to a car, rather than bolted, and suspected the car was stolen. The supreme court upheld the ensuing stop stating, "[h]ere, the facts, together with the reasonable inferences an experienced police officer could draw therefrom, justify the minimal intrusion upon defendant's rights." *Id.* at 207, 241 N.W.2d at 477.

In *State v. Mallory*, 337 N.W.2d 391 (Minn.1981) the court addressed a situation somewhat resembling this circumstance. Police officers responded to a call reporting a suspicious car parked at a place a burglar might park. The officers stopped a passing suspicious driver in a different car. The court upheld the stop, finding a particularized and objective basis existed for suspecting the driver.

■ We hold that the officer had a sufficient factual basis to suspect appellant Thomeczek was involved in unlawful activity. *But see State v. Stroud*, 634 P.2d 316 (Wash.Ct.App.1981). Thomeczek was parked near an empty lot late in the evening in an area undergoing construction, where a burglary, vandalism or theft might occur. The officer observed the headlights were on and that the car was occupied. The officer regarded this behavior unusual and requiring further inquiry. We find this inquiry was reasonable, in good faith and relatively unobtrusive.

## DECISION

We affirm and hold the investigatory stop of appellant Thomeczek was legal.

Affirmed.