Gregg M. JOHNSON,
Petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. C4-85-2241.

Court of Appeals of Minnesota.

June 10, 1986.

Loren E. Gross, Christian and Gross, Bloomington, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Jeffrey S. Bilcik, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by HUSPENI, P.J., and LESLIE and CRIPPEN, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant Gregg Johnson's driving privileges were revoked pursuant to Minn.Stat. § 169.123 (1984), the implied consent law. After a hearing on his petition for judicial review, the trial court sustained the revocation. On appeal, Johnson challenges the validity of the initial investigatory stop. We affirm.

## FACTS

On March 12, 1985, at approximately 10:00 p.m., Officer Timothy Murphy was traveling south on Highway 169 on routine patrol. He observed a vehicle make a left-hand turn off of Highway 169 and onto Scott County Road 14. As Officer Murphy passed the intersection of County Road 14, he observed the same vehicle stopped in the middle of the eastbound lane of the road with its lights out. He testified that the shoulder of the county road was at most a foot wide because snowplows had not plowed the entire width of it. Officer Murphy proceeded to the next intersection, turned around and returned to the intersection of County Road 14 and turned right. As he approached the stopped vehicle, the vehicle started to pull away. He turned on his patrol lights and stopped the vehicle.

Officer Murphy observed that the driver, Gregg Johnson, exhibited indicia of intoxication. He administered some field sobriety tests and two preliminary breath tests, all of which Johnson failed.

Johnson's testimony regarding the stop conflicted with Officer Murphy's. He testified that he was traveling north, not south, on Highway 169 when he turned right, not

left, on County Road 14. He testified that he stopped his car with the right tires on the shoulder which was about three feet wide, turned off his lights and stepped to the front of his car to urinate. He further testified that as he was getting back into his car, Officer Murphy drove up and began questioning him.

## ISSUE

Did the officer have a sufficient articulable basis to stop appellant's vehicle?

## ANALYSIS

Johnson asserts that Officer Murphy's stop of his vehicle was illegal.

The trial court indicated that it resolved the conflicts in the testimony in favor of the Commissioner. Given that the trial court believed the officer's testimony and disbelieved any contradictory testimony, we must determine whether, as a matter of law, the officer's observations "provided an adequate basis for the stop." *Berge v. Commissioner of Public Safety*, 374 N.W.2d 730, 732 (Minn.1985).

█ An investigatory stop is lawful if the officer is able to articulate a " 'particularized and objective basis for suspecting the particular persons stopped of criminal activity.' " [1] *Id.* (quoting *United States v. Cortez*, 449 U.S. 411, 417–18, 101 S.Ct. 690, 694–95, 66 L.Ed.2d 621 (1981)). In applying this standard, we must consider the totality of the circumstances and recognize that a trained officer may make " 'inferences and deductions that might well elude an un-

trained person.' " *State v. Kvam*, 336 N.W.2d 525, 528 (Minn.1983) (quoting *Cortez*, 449 U.S. at 418, 101 S.Ct. at 695). An officer need not observe a violation to make a valid stop. *Berge*, 374 N.W.2d at 733. Suspicion of a violation is enough if the officer can sufficiently articulate the factual basis for his or her suspicion. *Id.*

This case is similar to *Thomeczek v. Commissioner of Public Safety*, 364 N.W.2d 471 (Minn.Ct.App.1985). In *Thomeczek*, a police officer noticed a car parked at night in front of a vacant lot of a residential development with its lights on and its motor running. The officer decided to investigate suspecting that either the car's occupant needed assistance or there was some wrongdoing occurring. When the officer approached the car, it started to slowly pull away. This court upheld the investigatory stop on the basis that the officer considered the occupant's behavior unusual and required further inquiry. *Id.* at 472. The court noted that the occupant was parked in an area "where a burglary, vandalism or theft might occur." *Id.*

█ We believe Officer Murphy sufficiently articulated the factual basis of his suspicion of a violation. Minn.Stat. § 169.-32 (1984) prohibits some stopping and parking on highways outside of business or residence districts.[2] Here, Officer Murphy observed a car parked on a winter night in the middle of the lane of a county road with its lights off. This behavior on the part of the driver was unusual and could have been in violation of section 169.32. The facts support Officer Murphy's suspi-

---

**1.** We review Officer Murphy's actions in light of the standard applicable to an investigatory stop, but we consider that his actions come close to being an approach, rather than a stop. We note that the minimal standard for a valid stop is respectively higher than that applicable to an approach. Generally, "it does not by itself constitute a seizure for an officer to simply walk up and talk to * * * a driver sitting in an already stopped car." *State v. Vohnoutka*, 292 N.W.2d 756, 757 (Minn.1980). *See also Blank v. Commissioner of Public Safety*, 358 N.W.2d 441 (Minn.Ct.App.1984).

**2.** Minn.Stat. § 169.32 (1984) provides in part that:

Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or improved * * * part of the highway when it is practical to stop, park, or so leave such vehicle off such part of said highway, but in every event a clear and unobstructed width of at least 20 feet of such part of the highway opposite such standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle be available from a distance of 200 feet in each direction upon such highway.

cion of some problem or wrongdoing. We cannot say the stop was the product of mere whim, caprice or idle curiosity. *See Marben v. Department of Public Safety,* 294 N.W.2d 697, 699 (Minn.1980) (quoting *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968)).

### DECISION

The trial court did not err in finding that the officer made a constitutionally valid stop of appellant's vehicle.

Affirmed.