STATE of Minnesota, Respondent,

v.

Kevin Lee SANGER, Appellant.

No. C9-87-1459.

Court of Appeals of Minnesota.

March 8, 1988.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, for respondent.

Teresa Joppa, Asst. Moorhead City Atty., Bruce Ringstrom, Moorhead, for appellant.

Heard, considered and decided by PARKER, P.J., and NIERENGARTEN and SCHULTZ,* JJ.

## OPINION

PARKER, Judge.

Kevin Lee Sanger was arrested for DWI. At an omnibus hearing, Sanger's motion to suppress evidence based on an illegal stop was denied. The trial court entered a judgment of conviction finding Sanger guilty of the DWI. Sanger appeals, claiming the trial court erred in not suppressing the evidence of an illegal stop. We reverse.

## FACTS

On April 2, 1987, at 11:30 p.m. Officer Robert Severson observed a black Camaro parked at the curb in a residential area of downtown Moorhead, Minnesota. Its windows were fogged up and its sunroof was open. Severson observed people in both the front and back seats of the car and could see movement inside.

Severson pulled up beside and behind the car, slightly out into the street. The position of his patrol car prevented exit of the Camaro, because there was a car parked in front of the Camaro as well. The driver turned and looked at Severson, then started the car and backed up less than two feet. Severson activated his flashing red lights and beeped his horn, and the Camaro stopped.

Severson then approached the Camaro to "to see what was going on," and the driver turned off the car's engine. Severson found four people in the car and identified the driver as Kevin Lee Sanger. Upon speaking with Sanger, Severson observed signs of intoxication and placed him under arrest for DWI.

At the omnibus hearing Sanger argued that the evidence of intoxication should be suppressed as the result of an illegal stop. The motion to suppress was denied, and Sanger was ultimately convicted of DWI.

He appeals that conviction based on the claim that the trial court erred in not suppressing the evidence.

## ISSUE

Did the trial court err by failing to suppress evidence resulting from an illegal stop and seizure?

## DISCUSSION

The fourth amendment applies to seizures of the person, including brief investigatory stops. A limited investigative stop is lawful if the officer is able to articulate at the omnibus hearing a "particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez*, 449 U.S. 411, 417–18, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981). In this case, Officer Severson made the rather candid admission that he approached the car "to see what was going on." He did not claim that he suspected any criminal activity or that he thought help might be needed.

The state argues that the approach of an already-stopped vehicle is not a "stop" or a "seizure" under the fourth amendment necessitating a reasonable articulable suspicion of criminal activity. *State v. Vohnoutka*, 292 N.W.2d 756, 757 (Minn.1980). However, the facts of this case go beyond merely approaching a vehicle.

Sanger's vehicle was already stopped, parked curbside, with another vehicle parked in front of it. Severson, by his own admission, parked his squad car in such a position that Sanger could not exit. Although Severson contends that his further show of authority—activating his flashing red lights and beeping his horn—were merely done to prevent an accident, we find that this argument begs the question because it was he who created the danger and, by this point, had now effected a seizure.

A test to determine whether a stop or seizure has occurred is presented in 3 W. LaFave, *Search and Seizure* § 9.2(h), at 412–13 (2d ed. 1987). It examines the nature of the encounter between a police officer and a private citizen by comparing it to

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

inoffensive conduct that occurs between ordinary citizens. Therefore, interrogating in a "conversational manner" or "physical contact" that is a normal means of attracting attention may be an acceptable interaction if it is not "overbearing or harassing" in nature. *Id.* LaFave suggests that such interactions can change in character and become seizures

> if the officer engages in conduct which a reasonable man would view as threatening or offensive even if performed by another private citizen.

>      \*      \*      \*

> This approach is also useful in those cases concerning police contact with persons seated within parked vehicles. As noted earlier, the mere approach and questioning of such persons does not constitute a seizure. \* \* \* [T]he encounter becomes a seizure if the officer orders the suspect out of the car \* \* \* [or] some other police action [occurs] which one would not expect if the encounter was between two private citizens—boxing the car in, approaching it on all sides by many officers or use of flashing lights as a show of authority—will likely convert the event into a Fourth Amendment seizure.

*Id.* at 416–17.

Using this analysis, Severson's actions—boxing in Sanger's car, then activating his squad's flashing red lights and honking his horn—created a strong show of authority far beyond the realm of private citizens' interactions and resulted in a seizure.

Another test to determine whether a seizure has occurred is whether a reasonable person would have concluded under the circumstances that he was free to leave. *United States v. Mendenhall,* 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980), *reh'g denied,* 448 U.S. 908, 100 S.Ct. 3051, 65 L.Ed.2d 1138 (1980). When Sanger tried to back up, Severson did not move his squad car; Sanger was clearly not free to go. Blocking of a car by the police can constitute a seizure. *United States v. Kerr,* 817 F.2d 1384, 1386–87 (9th Cir.1987) (officer who pulled into and blocked defendant's one-lane driveway as defendant was pulling out seized the defendant).

In a recent case, *Erickson v. Commissioner of Public Safety,* 415 N.W.2d 698, 701 (Minn.Ct.App.1987), this court held that the "actions of the officers in parking their vehicles, which may have incidentally blocked appellant's vehicle, did not constitute a seizure." Two officers in separate squad cars answered a call about a disturbance at a wedding dance. Both parked close to the entrance of the Inn, partially blocking a truck which had just begun to leave. One officer noticed a group watching the departing truck and assumed the driver might be the person who caused the problem at the dance. Id. at 699. He was arrested for driving while under the influence of alcohol and challenged the seizure. Because the officers explained that they wanted to park as close to the entrance as possible, regardless of suspicion of the truck driver, the court found that any blocking was unintentional. *Id.* at 701.

Severson did not testify to his intent or explain why he positioned his squad car to block Sanger's exit. He simply acknowledged that Sanger's exit was prevented. Absent some explanation, we conclude that he intended the obstruction as a natural consequence of his actions.

*Thomeczek v. Commissioner of Public Safety,* 364 N.W.2d 471 (Minn.1985), upheld the detention of a vehicle when the driver attempted to leave when a police officer approached it. The police officer had observed a parked vehicle with its lights on and the motor running at 11:30 p.m. It was legally parked, but in a vacant lot near a construction area where "burglary, vandalism or a theft might occur." *Id.* at 472. The officer, suspecting either wrongdoing or that assistance was needed, parked his squad car behind the vehicle, got out and walked toward it. The vehicle then started to move forward, so the officer signaled with his flashlight for the driver to stop. The officer testified that had the vehicle not stopped, he would have pursued it. It was a valid investigatory stop because sufficient articulable facts existed to justify it. *Id.*

Unlike *Thomeczek,* Sanger's exit was blocked. Sanger's vehicle was simply

parked curbside on a residential street; nothing was articulated as dangerous or suspicious about the location of his car. Even though the windows were fogged up and people were seen moving inside, Moorhead is a college city and this seems unlikely to be a unique sight for police on patrol in evening hours.

In *State v. Reese*, 388 N.W.2d 421, 422–23 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Aug. 13, 1986), officers saw two vehicles stopped parallel at an intersection, with engines running and headlights on, and noticed a woman driver conversing with a man in the passenger seat. When neither vehicle moved, the officers suspected either an accident or that the woman was being accosted and positioned their squad car at an angle that illuminated the car and prevented its forward movement. An officer then approached to ask for identification and observed indicia of intoxication. The court held that no seizure occurred, because the vehicle had already stopped and even if the officers had stopped the vehicle, they articulated specific facts to create a reasonable suspicion of criminal activity. It appeared, as well, that the vehicles were potentially blocking traffic lanes, which would mandate police intervention.

No such circumstances existed here. We hold that Officer Severson had no articulable suspicion, and the stop (or seizure) was based on mere whim or caprice. *Marben v. State Department of Public Safety*, 294 N.W.2d 697, 699 (Minn.1980) (quoting *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968) (stop must not be based on "mere whim, caprice, or idle curiosity")).

### DECISION

The trial court erred by failing to suppress evidence resulting from an illegal stop and seizure.

Reversed.