**Gregory Fitzgerald CRAWFORD, Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

No. C8–89–64.

Court of Appeals of Minnesota.

June 27, 1989.

Perry A. Berg, Patton, Hoversten & Berg, P.A., Waseca, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Peggy L. Bunch, Spec. Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by FORSBERG, P.J., FOLEY and HUSPENI, JJ., without oral argument.

## OPINION

FOLEY, Judge.

Respondent Gregory Fitzgerald Crawford's driver's license was revoked under the implied consent law. He petitioned for judicial review and the trial court rescinded the revocation. The Commissioner of Public Safety appeals.

## FACTS

On October 29, 1988, Officer Penny J. Laughlin noticed a vehicle about three blocks ahead of her that was driven by respondent. It turned into a cul-de-sac in a new addition. Nothing about the manner in which respondent drove attracted her attention. She followed him because there was not much traffic and it was a newer area. There are no houses immediately around the cul-de-sac, and Laughlin described the surrounding area as being an open field. She continued to follow the vehicle to "see what it was up to." She believed there was a possibility the driver saw her and was trying to "ditch" her.

When Laughlin turned into the cul-de-sac, she did not initially see the vehicle. She spotlighted the area and then saw that the vehicle was parked. Its lights were not on and there were two people inside. Laughlin pulled in behind or to the side of the vehicle; she did not have her lights on at that time. It did not appear that the occupants needed assistance. Laughlin was asked if respondent would have been free to go if he had left after she approached him; she said she would have stopped him.

Laughlin got out of her vehicle and approached the window on the driver's side of the parked vehicle. She spoke with respondent and asked him what he was doing. He said he was looking for a missing person, his cousin. While he was in the driver's seat, she saw he had watery eyes and she could smell a strong odor of alcohol.

After Laughlin obtained identification and had the conversation, she brought respondent back to the squad car and noticed other indicia of intoxication. Respondent's

driver's license was subsequently revoked pursuant to the implied consent law.

The trial court rescinded the revocation because it believed there was no basis for the stop and no indication the persons in the vehicle needed assistance. The Commissioner of Public Safety appeals from the trial court's order.

## ISSUE

Did the officer have reasonable and articulable suspicion of wrongdoing at the time the fourth amendment seizure occurred?

## ANALYSIS

The law makes a distinction between the approach of an already stopped vehicle and the stop of a moving vehicle. It is not a seizure for an officer to simply walk up and talk to a person standing in a public place or to a driver seated in an already stopped car. *State v. Vohnoutka*, 292 N.W.2d 756, 757 (Minn.1980). The trial court concluded there was no reason for a stop of the vehicle and the persons in the vehicle did not appear to need assistance.

An actual stop may not have been justified under these circumstances. *See State v. Johnson*, 439 N.W.2d 400 (Minn. Ct.App.1989). However, no such stop occurred here. Further, the officer's testimony that she would have stopped respondent if he had driven off does not change the result. Respondent did not drive off and a temporary seizure was unnecessary. *Vohnoutka*, 292 N.W.2d at 757. Finally, the officer did not at this point engage in the type of behavior that would convert the event into a fourth amendment seizure. *Cf. State v. Sanger*, 420 N.W.2d 241, 242–43 (Minn.Ct.App.1988).

The officer talked to respondent, asked him to identify himself, and then asked him to leave his vehicle and enter her squad car. *Paulson v. Commissioner of Public Safety*, 384 N.W.2d 244, 246 (Minn. Ct.App.1986). The odor of alcohol and watery and glassy eyes formed a sufficient basis for any fourth amendment seizure which occurred. *Kotewa v. Commissioner*

*of Public Safety*, 409 N.W.2d 41, 43 (Minn. Ct.App.1987).

## DECISION

The order of the trial court rescinding the revocation is reversed.

REVERSED.