Stephen M. MODAFF, Petitioner,
Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. C5–02–2190.

Court of Appeals of Minnesota.

July 1, 2003.

Brandon V. Lawhead, Lawhead Law Offices, Austin, MN, for appellant.

Mike Hatch, Attorney General, Darren Dejong, Assistant Attorney General, St. Paul, MN, for respondent.

Considered and decided by STONEBURNER, Presiding Judge, TOUSSAINT, Chief Judge, and MINGE, Judge.

## OPINION

STONEBURNER, Judge.

Appellant Stephen M. Modaff argues that the district court erred by sustaining the revocation of his driver's license under the implied-consent law because the court's findings of fact are both clearly erroneous and unsupported by the record. Because any clearly erroneous facts and unsupported findings of fact in the district court's order do not relate to Modaff's challenge to the legality of his seizure, and because there is evidence in the record to support implicit findings that the officer observed driving behavior and a traffic

violation that constitute probable cause to believe Modaff was driving while impaired, we affirm.

### FACTS

Austin Police Officer Mark Walski testified that at 1:07 a.m., on June 8, 2002, he observed a vehicle coming from a freeway at what appeared to be a high rate of speed. The vehicle came to an abrupt stop that caused the rear of the vehicle to rise, and crossed over the normal stop line at an intersection. This driving conduct caused Officer Walski to suspect that the driver had delayed reactions, which, the officer testified, is commonly found in drunk drivers. The officer then observed the vehicle make a wide turn into the farthest driving lane, which constituted a traffic offense. Officer Walski testified that failing to obey basic traffic rules and making wide turns are common things that a drunk driver would do and that this behavior furthered his suspicion that the driver could be intoxicated.

The officer flashed his emergency lights to clear a red light at the intersection and followed the vehicle, which had turned into a parking lot and parked near the entrance to a bar and grill. The officer parked behind the vehicle, intentionally blocking it from leaving, and approached the driver's side. The officer identified the driver, appellant Stephen M. Modaff, and, after observing indicia that Modaff was intoxicated, arrested him for driving while impaired. The Commissioner of Public Safety revoked Modaff's driving privileges.

Modaff petitioned for rescission of the revocation, asserting 16 separate grounds for rescission and two and one-half single-spaced pages of "additional relief and grounds." The hearing on Modaff's petition was combined with a hearing on pretrial issues in his criminal case.[1] Counsel for Modaff stated at the beginning of the hearing that the only issue being pursued in each case was the legality of the stop.

The district court issued an order denying Modaff's petition to rescind the revocation of his license and denying his motion to suppress evidence in the criminal proceedings. The district court's order incorporates a memorandum setting out findings of fact. The memorandum erroneously identifies the issues before the court as whether (1) the officer had probable cause to arrest Modaff for suspicion of driving while impaired; (2) Modaff had physical control of the vehicle; and (3) the implied consent advisory violated due process.

The memorandum recites a description of Officer Walski's testimony about the events leading up to the officer's encounter with Modaff,[2] and describes, from police reports not in the record, what transpired after the officer blocked Modaff's vehicle in the parking lot. The memorandum fails to mention that the testimony of Modaff and his passenger contradicts the officer's testimony about Modaff's driving conduct. The memorandum asserts that "[Modaff] does not dispute the facts," but Modaff

---

1. Minn.Stat. § 169A.53, subd. 3 (2002), provides that a hearing on an implied-consent petition may be conducted concurrently and in the same manner as hearings on pretrial motions in the criminal prosecution under Minn.Stat. § 169A.20 (2002).

2. Modaff asserts that one of the district court's clearly erroneous findings is the statement in its order that "Officer Walski followed, but did not turn on his overhead lights, as the vehicle entered the * * * parking lot." The statement, however, is a correct description of the officer's testimony that he only activated his emergency lights to clear the intersection and did not use his emergency lights as he entered the parking lot.

clearly disputed the officer's description of his driving conduct. The memorandum fails to address whether the officer had probable cause to stop or seize Modaff, and analyzes the legality of Modaff's arrest based on information from the police report about what transpired after the officer had had face-to-face contact with Modaff. This appeal followed.

## ISSUE

Does the district court's failure to make findings on the issue of the legality of Modaff's seizure, coupled with the fact that the district court addressed issues not before it and made findings based on a report that is not in the record, preclude the reviewing court from determining, based on the record and findings inferred from the district court's ultimate conclusion, whether the officer had probable cause to stop or seize Modaff?

## ANALYSIS

■ Respondent Commissioner of Public Safety concedes that Officer Walski seized Modaff, either by stopping his vehicle or by blocking his vehicle by parking directly behind it once it was stopped in the parking lot. Respondent further concedes that unless the officer had probable cause for the seizure, the seizure was illegal and the revocation of Modaff's driving privileges should be rescinded.

■ When an appellate court reviews a stop on given facts, the test is not whether the district court decision is clearly erroneous, but whether, as a matter of law, the basis for the stop was adequate. *Berge v. Comm'r of Pub. Safety,* 374 N.W.2d 730, 732–33 (Minn.1985).

In this case, the district court, citing *Crawford v. Comm'r of Pub. Safety,* 441 N.W.2d 837, 839 (Minn.App.1989), concluded that "no stop requiring reasonable suspicion will have occurred when the officer approaches an already stopped vehicle to speak to the driver." But *Crawford* is inapplicable to the facts of this case because in *Crawford,* the officer who approached a stopped vehicle did not block the vehicle to keep it from leaving; there was no seizure such as occurred here. The district court's erroneous reliance on *Crawford* caused it to fail to address whether probable cause existed for officer Walski's undisputed seizure of Modaff.

■ But implicit in the district court's memorandum is the finding that the officer's recitation of the events that led up to the seizure was credible and that the testimony about those events by Modaff and his passenger was not credible. *See Umphlett v. Comm'r of Pub. Safety,* 533 N.W.2d 636, 639 (Minn.App.1995) (stating that implicit findings may be derived from the trial court's final resolution of a matter), *review denied* (Minn. Aug. 30, 1995). A remand for additional findings of fact is unnecessary when we are able to infer findings from the district court's conclusions. *Welch v. Comm'r of Pub. Safety,* 545 N.W.2d 692, 694 (Minn.App.1996).

Modaff argues that the district court's consideration of matters not properly before it, failure to specifically address the issue of probable cause for the seizure, and its findings based on evidence not in the record [3] render the district court's decision so imprecise and confusing, that it must be reversed in the interests of justice. *See State v. Hanson,* 356 N.W.2d 689, 693 (Minn.1984) (characterizing court's decision of matters not before it as procedural

---

**3.** The district court relied on the officer's report, which was not part of the record, to make findings of fact, but none of those find-

ings related to Modaff's challenge to the legality of his seizure.

impropriety). The respondent agrees that the district court's order is confusing.

We take this opportunity to emphasize that it is often essential for appellate review, and always helpful to the litigants, for the district court to clearly and accurately state the issues to be decided and the bases for the decision of each issue. Nevertheless, in this case, we can discern that the district court found the officer's testimony about the events leading up to Modaff's seizure to be credible and Modaff's version of those events not credible. And the officer's testimony supports a determination that he had a specific and articulable basis to suspect that Modaff was driving while impaired, and that the seizure was not based on mere whim, caprice, or idle curiosity. *See State v. George,* 557 N.W.2d 575, 578 (Minn.1997) (stating that violation of a traffic statute, no matter how minor, constitutes a valid basis for a stop); *Marben v. Dep't of Pub. Safety,* 294 N.W.2d 697, 699 (Minn.1980).

The non-issues addressed by the district court and the facts based on evidence not in the record do not involve Modaff's challenge to the stop or seizure and do not change the conclusion based on the record and findings implicit in the district court's decision that the officer had probable cause to detain Modaff for driving while impaired.

## DECISION

Any errors that the district court may have committed by determining issues not properly before it and by making findings not supported by the record do not relate to Modaff's grounds for challenging the revocation of his driving privileges. The record substantiates implicit findings of the district court and those findings support a determination that the officer had probable cause to seize Modaff for driving while impaired, therefore, we affirm the district court's denial of Modaff's petition to rescind the revocation of his driving privileges.

**Affirmed.**