*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1910**

State of Minnesota,
Respondent,

vs.

Curtis Leroy Johnson,
Appellant.

**Filed November 2, 2015
Affirmed
Johnson, Judge**

Hennepin County District Court
File No. 27-CR-13-39034

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rachel F. Bond, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Kirk, Presiding Judge; Johnson, Judge; and Bjorkman, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JOHNSON**, Judge

Curtis Leroy Johnson was convicted of a second-degree controlled substance crime based on evidence that he possessed 23 bindles of crack cocaine. On appeal, he

argues that the district court erred by denying his motion to suppress evidence that was obtained in a search of a vehicle of which he was an occupant. We conclude that police officers had a reasonable, articulable suspicion of criminal activity, which justified a brief investigatory detention of the vehicle. Therefore, we affirm.

**FACTS**

On November 25, 2013, Minneapolis police officers Christopher Kelley and Karina Landmesser were on patrol on Nicollet Avenue South. At approximately 2:15 a.m., the officers observed an unoccupied vehicle that was parked along the curb on a mixed residential and commercial street with its engine idling and its parking lights on. Because they were concerned about thefts of idling vehicles in that area, the officers decided to drive around the block and return to investigate further.

When the officers returned, they saw two persons in the vehicle, one in the driver's seat and one in the back seat directly behind the driver's seat. The positioning of the occupants was suspicious to Officer Kelley because he previously had seen persons seated in such positions while engaging in drug transactions. Officer Kelley decided to conduct a brief investigation.

Officer Kelley stopped the squad car three-quarters of a car length behind the parked vehicle. Both officers got out of the squad car and approached the parked vehicle, one on each side. As they approached, the person sitting in the driver's seat rolled down his window. As he did so, Officer Kelley immediately smelled a strong odor of burnt marijuana.

Because of the smell of marijuana, Officer Kelley asked the person in the driver's seat to get out of the vehicle. After he did so, the person in the back seat, who was later identified as Johnson, jumped to the front seat and exited from the passenger-side door in an attempt either to flee the scene or to assault Officer Landmesser. Johnson and Officer Landmesser engaged in a struggle, forcing Officer Kelley to run to the other side of the parked vehicle to help Officer Landmesser. Johnson fought and wrestled with the officers as they attempted to restrain him. As the struggle continued, Johnson reached for Officer Kelley's firearm. The officers eventually were able to subdue Johnson and take him into custody. During a subsequent search of the vehicle, the officers found 23 individually wrapped bindles of crack cocaine in the back seat, near where Johnson had been seated.

The state charged Johnson with (1) second-degree controlled substance crime, in violation of Minn. Stat. § 152.022, subd. 2(a)(1) (2012), based on his alleged possession of crack cocaine, and (2) attempting to disarm a police officer, in violation of Minn. Stat. § 609.504, subd. 2 (2012), based on his alleged attempt to take Officer Kelley's firearm. The state later amended the complaint to allege in the first count possession with intent to sell, *see* Minn. Stat. § 152.022, subd. 1(1), and to add a third count, third-degree controlled substance crime, in violation of Minn. Stat. § 152.023, subd. 2(a)(1) (2012), based on his alleged unlawful possession of more than three grams of cocaine.

In May 2014, Johnson moved to suppress the evidence that was obtained as a result of the investigatory detention and the search of the vehicle. The district court conducted an evidentiary hearing, at which only Officer Kelley testified. At the

3

conclusion of the hearing, the district court orally denied Johnson's motion on the ground that the positions of the occupants of the vehicle gave Officer Kelley a reasonable, articulable suspicion of criminal activity, which justified the investigatory detention of the parked vehicle.

After the district court denied the motion to suppress evidence, the parties agreed to a stipulated-evidence court trial. *See* Minn. R. Crim. P. 26.01, subd. 4. The district court found Johnson guilty on count 1. In August 2014, the district court sentenced Johnson to 95 months of imprisonment on count 1 and, by agreement of the parties, dismissed counts 2 and 3. Johnson appeals.

## D E C I S I O N

Johnson argues that the district court erred by denying his motion to suppress evidence. He contends that the officers did not have a reasonable, articulable suspicion of criminal activity so as to justify the investigatory detention of the vehicle of which he was an occupant.

The Fourth Amendment to the United States Constitution guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV; *see also* Minn. Const. art. I, § 10. The Fourth Amendment also protects the right of the people to be secure in their motor vehicles. *State v. Britton*, 604 N.W.2d 84, 87 (Minn. 2000). But a law enforcement officer may, "'consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot.'" *State v. Timberlake*, 744 N.W.2d 390, 393 (Minn. 2008) (quoting *Illinois v. Wardlow*,

4

528 U.S. 119, 123, 120 S. Ct. 673, 675 (2000) (citing *Terry v. Ohio*, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884 (1968))).

A reasonable, articulable suspicion exists if, "in justifying the particular intrusion the police officer [is] able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry*, 392 U.S. at 21, 88 S. Ct. at 1880. The reasonable-suspicion standard is not high, but the suspicion must be "something more than an unarticulated hunch," *State v. Davis,* 732 N.W.2d 173, 182 (Minn. 2007) (quotation omitted), and more than an "inchoate and unparticularized suspicion," *Timberlake*, 744 N.W.2d at 393 (quotation omitted). An officer "must be able to point to something that objectively supports the suspicion at issue." *Davis*, 732 N.W.2d at 182 (quotation omitted); *see also Terry*, 392 U.S. at 21-22, 88 S. Ct. at 1880. If the relevant facts are undisputed, this court applies a *de novo* standard of review to a district court's conclusion that a seizure is justified by a reasonable, articulable suspicion. *State v. Yang*, 774 N.W.2d 539, 551 (Minn. 2009).

The district court concluded that the officers' investigatory detention of the vehicle of which Johnson was an occupant was justified by a reasonable, articulable suspicion of criminal activity. The district court based this conclusion on its finding that the totality of the circumstances justified the seizure. The district court found that the time of year, the time of night, and the idling vehicle would have justified an investigatory detention when the officers passed the vehicle the first time. The district court further found that the positions of the occupants justified an investigatory detention after the officers returned to the vehicle. The district court found that the marijuana the

5

officers smelled as they approached the vehicle gave the officers grounds for further investigation.

Johnson argues that the district court erred because Officer Kelley did not articulate objective facts that are sufficient to give rise to a reasonable, articulable suspicion of criminal activity so as to justify the officers' initial investigatory detention of the vehicle and its occupants.[1] Johnson's primary contention is that Officer Kelley's initial concern about thefts of idling vehicles dissipated after he saw two occupants in the vehicle, thereby leaving the officers with no justification for their investigation. Johnson also contends that Officer Kelley approached the parked vehicle simply because he was curious. In support of the latter contention, Johnson relies on *State v. Sanger*, 420 N.W.2d 241 (Minn. App. 1988), in which this court concluded that a police officer lacked a reasonable, articulable suspicion to justify his seizure of a parked vehicle based on his "rather candid admission that he approached the car 'to see what was going on.'" *Id.* at 242.

---

[1]The state also argues, in a footnote, that there was no Fourth Amendment violation because there was no seizure. The state did not present that argument to the district court, and the district court did not address the issue. The officers obviously seized the vehicle and its occupants at some point in the sequence of events. We understand Johnson to challenge the officers' initiation of an investigatory detention but not to challenge the officers' expansion of the investigation after they smelled marijuana. Accordingly, we understand the state to contend in the footnote that the officers did not engage in any type of seizure by stopping the squad car near the parked vehicle and walking toward the vehicle. Because that issue was not contested in the district court and is not thoroughly briefed on appeal, we will assume without deciding that the officers' initiation of the investigatory detention is a seizure for which a reasonable, articulable suspicion is required.

6

The district court's ruling, however, was not based on Officer Kelley's initial concern about thefts of idling vehicles or on mere curiosity. The district court's ruling was based on Officer Kelley's suspicion that the occupants of the parked vehicle might be engaging in drug-trafficking. In considering a law-enforcement officer's assertion of a reasonable, articulable suspicion, courts must be "deferential to police officer training and experience and recognize that a trained officer can properly act on suspicion that would elude an untrained eye." *Britton*, 604 N.W.2d at 88-89. Even conduct that is "wholly lawful" may give rise to a reasonable, articulable suspicion of criminal activity. *Id.* at 89. Officer Kelley testified that he has been a police officer in Minneapolis for fifteen years and that he previously served for five years on the community response team, which deals specifically with narcotics offenses. He also testified that he has experience with drug transactions inside motor vehicles and, more specifically, has investigated drug transactions in which persons are positioned as Johnson and the other man were positioned in this case, with one person in the driver's seat and the other person in the back seat directly behind the driver. In light of Officer Kelley's experience and his testimony concerning the particular circumstances of this case, we conclude that the officer identified facts that objectively give rise to a reasonable, articulable suspicion of criminal activity so as to justify the initiation of the investigatory detention that led to evidence of a controlled substance. *See id.*

In sum, the district court did not err by denying Johnson's motion to suppress evidence.[2]

**Affirmed.**

---

[2]The state also argues, in the alternative, that if the officers did not have a reasonable, articulable suspicion of criminal activity, the district court's denial of Johnson's motion to suppress should be affirmed on the ground that Johnson's resistance and attempted flight should cause the evidence to not be suppressed. Johnson argues in reply that we should not consider the argument because the state did not present it to the district court. Nonetheless, "the respondent on appeal in a criminal case may present to this court an alternative reason for affirming the district court, if the alternative reason is permitted by both the law and the factual record and would not expand the relief granted." *State v. Bennett*, 867 N.W.2d 539, 543 n.1 (Minn. App. 2015) (citing *State v. Grunig*, 660 N.W.2d 134, 137 (Minn. 2003) (applying Minn. R. Crim. P. 29.04, subd. 6, to state's alternative ground for affirmance)). The prerequisites of the *Grunig* principle are not satisfied in this case. The state's alternative argument has a valid legal basis, but the record of the suppression hearing does not reveal whether Johnson intended to assault a police officer or intended only to flee. *Compare State v. Ingram*, 570 N.W.2d 173 (Minn. App. 1997), *review denied* (Minn. Dec. 22, 1997) (concluding that appellant's flight and "brushing" against officer while taking flight purged taint of unlawful seizure) *with State v. Bergerson*, 659 N.W.2d 791, 797 (Minn. App. 2003) (concluding that appellant's mere flight did not purge taint of unlawful seizure). Thus, we will not address the issue for the first time on appeal.