*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0854**

State of Minnesota,
Respondent,

vs.

Joseph Scott Welch,
Appellant.

**Filed March 21, 2016
Reversed
Hooten, Judge**

Dakota County District Court
File No. 19HA-CR-12-4189

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Chip Granger, Assistant County Attorney, Hastings, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Benjamin J. Butler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Larkin, Presiding Judge; Rodenberg, Judge; and Hooten, Judge.

### U N P U B L I S H E D   O P I N I O N

**HOOTEN**, Judge

        On appeal from his conviction of second-degree possession of a controlled substance, appellant argues that the district court erred in determining that the police officer

had a reasonable, articulable suspicion of criminal activity to justify seizing him and in denying his motion to suppress. Because the officer's continuing seizure of appellant was not based on a reasonable, articulable suspicion of criminal activity, we reverse.

**FACTS**

On the evening of December 2, 2012, South St. Paul Police Sergeant Leah Rambaum responded to a phone call about a suspicious vehicle. The caller described the vehicle as a silver Chrysler 300 and reported that it was occupied with its engine running and was parked behind a house in South St. Paul. Sergeant Rambaum did not know why the caller thought that the vehicle was suspicious, but recognized the location of the house where the vehicle was parked as the site of ongoing criminal and gang activity. Also, earlier in her shift, Sergeant Rambaum had learned that West St. Paul police were looking for a stolen Chrysler 300, prompting her to believe that the allegedly suspicious vehicle could be the stolen Chrysler 300.

Sergeant Rambaum located the vehicle parked in a driveway behind the house. She parked her squad car in the alley behind the vehicle, obstructing its only exit, and used her squad's spotlight to illuminate the inside of the vehicle. Sergeant Rambaum testified that once she shone the spotlight on the vehicle, she realized that the vehicle was not the stolen Chrysler 300. But, she also noticed that the windows of the vehicle were "somewhat" fogged up and that the driver and front passenger "slid" partially down in their seats when the spotlight was shone on the vehicle. Sergeant Rambaum approached the passenger side of the vehicle. When the passenger, later identified as appellant Joseph Scott Welch, rolled down the window, Sergeant Rambaum detected the smell of burnt marijuana. While

2

speaking with Welch, Sergeant Rambaum observed that Welch was reaching his hand toward the passenger door. Despite being warned to stop moving his hand, Welch continued to reach toward the door, which resulted in Sergeant Rambaum ordering Welch out of the vehicle and ultimately led to the discovery of a controlled substance on Welch's person. Welch was arrested and later charged with second-degree possession of a controlled substance.

During a contested omnibus hearing, Welch moved to suppress the drugs found on his person on the grounds that Sergeant Rambaum did not have a reasonable, articulable suspicion to seize the occupants of the vehicle. The district court denied the motion, concluding that Sergeant Rambaum had a reasonable, articulable suspicion of criminal activity based on the totality of the circumstances. Pursuant to Minn. R. Crim. P. 26.01, subd. 4, Welch waived his right to a trial and stipulated to the state's case in order to obtain review of the district court's pretrial ruling. The district court found Welch guilty of second-degree possession of a controlled substance, and this appeal followed.

## D E C I S I O N

Welch argues that the district court erred in denying his motion to suppress. "When reviewing a district court's pretrial order on a motion to suppress evidence, we review the district court's factual findings under a clearly erroneous standard and the district court's legal determinations de novo." *State v. Ortega*, 770 N.W.2d 145, 149 (Minn. 2009) (quotation omitted).

Both the Fourth Amendment of the United States Constitution and article I, section 10, of the Minnesota Constitution guarantee "[t]he right of the people to be secure . . .

3

against unreasonable searches and seizures." A seizure is reasonable if the police officer has a "particular and objective basis for suspecting the particular person stopped of criminal activity." *State v. Johnson*, 444 N.W.2d 824, 825 (Minn. 1989) (quotation omitted). Whether a reasonable, articulable suspicion exists is assessed in light of the totality of the circumstances, and "seemingly innocent factors may weigh into the analysis." *State v. Davis*, 732 N.W.2d 173, 182 (Minn. 2007). Appellate courts "are deferential to police officer training and experience and recognize that a trained officer can properly act on suspicion that would elude an untrained eye." *State v. Britton*, 604 N.W.2d 84, 88–89 (Minn. 2000). The reasonable, articulable suspicion standard is "not high," but "requires at least a minimal level of objective justification." *State v. Diede*, 795 N.W.2d 836, 843 (Minn. 2011) (quotations omitted). A "mere hunch" is insufficient. *State v. Harris*, 590 N.W.2d 90, 99 (Minn. 1999).

The state concedes that Welch was seized when Sergeant Rambaum parked her squad car behind the vehicle that he was in, blocking the vehicle in the private driveway. We agree that this constitutes a seizure. *See State v. Sanger*, 420 N.W.2d 241, 243 (Minn. App. 1988) (holding seizure occurs where officer parks squad car in position that prevents suspect from exiting). Welch argues that the seizure was invalid because Sergeant Rambaum did not have a reasonable, articulable suspicion that someone in the car was engaged in criminal activity when she initially seized him.

When Sergeant Rambaum initially seized Welch, but before she shone the spotlight into the vehicle, she knew the following: (1) West St. Paul police were looking for a stolen Chrysler 300; (2) a caller reported to police that a "suspicious" silver Chrysler 300 was

parked and idling behind a house in South St. Paul; and (3) that house was the site of "frequent" criminal and gang activity, including fights, loud parties, drugs, weapons, and juvenile drinking. Based on the totality of the circumstances, we conclude that Sergeant Rambaum had a reasonable, articulable suspicion of criminal activity at the time of the initial seizure.

Welch argues that once Sergeant Rambaum realized that the vehicle did not match the description of the stolen vehicle, she no longer had a reasonable, articulable suspicion of criminal activity to justify continuing the seizure. We agree.

When Sergeant Rambaum shone the spotlight, she noticed that the windows of the vehicle were "somewhat" fogged up, and she saw that the driver and front passenger slid partially down in their seats. She also realized that the vehicle was not the stolen Chrysler 300. But, Sergeant Rambaum still believed that "it was indeed a suspicious vehicle" because it was parked behind a house known for frequent criminal and gang activity, its windows were fogged up, and the occupants of the vehicle had slid partially down in their seats.

These circumstances, even considered in their totality, do not rise to the level of a reasonable, articulable suspicion of criminal activity to justify the continuing seizure. Sergeant Rambaum did not articulate any facts that would support a reasonable suspicion that Welch and his companion, merely by sitting in a vehicle with the motor running in a private driveway, were engaged in criminal activity. First, the caller's bare assertion that the vehicle's occupants were "suspicious" does not provide any objective basis for a stop. *See Olson v. Comm'r of Pub. Safety*, 371 N.W.2d 552, 555–56 (Minn. 1985) (holding

5

anonymous caller's report of "a possible drunk driver" completely lacked indicia of reliability and was not sufficient to establish reasonable, articulable suspicion). Second, the presence of foggy car windows is not an objectively reasonable basis for a stop. *Sanger*, 420 N.W.2d at 243–44. Anyone speaking in a vehicle for a prolonged period of time could fog up the car's windows during the winter, and this stop took place in December. Third, the fact that Welch and the driver slid partially down in their seats also does not give rise to a reasonable, articulable suspicion of criminal activity because reasonable people under these circumstances could be startled if a bright spotlight were shone into their car at night, which could cause them to flinch or otherwise try to get away from the light. This case is unlike cases where an occupant of a vehicle makes "furtive movement[s]" that could reasonably be interpreted as reaching for a weapon. *See, e.g.*, *State v. Richmond*, 602 N.W.2d 647, 651 (Minn. App. 1999) (driver's furtive movement of reaching toward passenger area, combined with other factors, gave rise to reasonable, articulable suspicion), *review denied* (Minn. Jan. 18, 2000). Finally, a vehicle's mere presence in a high-crime area does not give rise to an objective, particularized suspicion that the occupants of that vehicle are engaged in criminal activity. *State v. Dickerson*, 481 N.W.2d 840, 843 (Minn. 1992) ("[M]erely being in a high-crime area will not justify a stop.").

A reasonable, articulable suspicion of criminal activity "evaporates" if the officer becomes aware "of any facts which would render unreasonable" the assumption underlying the suspicion. *State v. Pike*, 551 N.W.2d 919, 922 (Minn. 1996). Once Sergeant Rambaum knew that the vehicle she had seized was not the stolen Chrysler 300, her reasonable, articulable suspicion dissipated, and she was required to terminate the seizure. By not

6

doing so, Sergeant Rambaum violated Welch's right to be secure against unreasonable searches and seizures, and the controlled substance that she discovered as a fruit of the seizure should have been suppressed. *State v. Bergerson*, 659 N.W.2d 791, 799 (Minn. App. 2003).

**Reversed.**